In re BURKE'S ESTATE, GREEN, Executor, Appellant, v. HUSSEY.

Division One, June 18, 1902.

Appellate Jurisdiction: AMOUNT IN DISPUTE: FINAL SETTLEMENT. The executor of an estate admitted in his final settlement that he had in his hands $3,530.85, and the judgment of the probate court so found: On appeal to the circuit court by the distributees, this admitted liability was increased by $2,979.97—interest for use by the executor of money belonging to the estate, and for paying a small debt of a legatee out of the general funds of the estate—and from this judgment the executor appeals. *Held*, that the "amount in dispute" is $2,979.97, and under the statute of 1901 (sec. 1657, R. S. 1899), the Court of Appeals has jurisdiction of the appeal.

In re Burke's Estate.

Appeal from St. Louis City Circuit Court.—*Hon. H. D. Wood*, Judge.

TRANSFERRED TO THE ST. LOUIS COURT OF APPEALS.

*M. Kinealy* and *Kinealy & Kinealy* for appellant.

*Wm. F. Woerner* and *James P. Maginn* for respondent.

MARSHALL, J.—This is an appeal, by the executor, from an order on final settlement.

In 1894, Charles Green qualified as executor of the estate of Patrick T. Burke. On October 21, 1899, during the September term of the court, he filed his final settlement in the probate court of the city of St. Louis, showing that he had a balance of cash on hand amounting to $3,530.85, and also certain specified mining stocks, the value of which is not given. The probate court approved the settlement. Thereafter, on October 31, 1899, in vacation, after the adjournment of the probate court, Mary E. Hussey appealed from the order and judgment of the probate court, to the circuit court. Thereafter, on March 24, 1900, Mary E. Hussey filed in the circuit court the following exceptions to the final settlement:

"Now comes Mary E. Hussey and excepts to the final settlement in this estate, tendered by Charles Green, executor thereof, in the following respects:

"1st. To the improper payment October 27, 1896, of the sum of $699.12, to St. Louis Mutual House Building company, not a legal creditor of said estate.

"2d. To the failure of the executor to charge himself with interest on the money of said estate, in his hands, and which said executor should have loaned out at interest, but as appellant believes, mingled same with his individual funds and did not charge himself with interest for the use of same.

"3d. The commissions of said executor should be

reduced by five per cent on said sum of $699.12, to-wit, $34.95."

On June 25, 1900, the circuit court sustained the exceptions, struck out the credit of $699.12 taken in the final settlement paid to the St. Louis Mutual House Building Company, and charged the executor with $2,280.85 interest because he had mingled the funds of the estate with his individual money, and added those two sums, aggregating $2,979.97 to the balance of $3,530.85 shown to be due by his final settlement, and thereby charged him with a balance of $6,510.82, and with the mining stocks aforesaid. From this judgment of the circuit court thus increasing the balance of cash in his hands, from $3,530.85 conceded by him to be due, to $6,510.82, by adding $2,979.97 to the conceded balance of $3,530.85, the executor appealed.

## I.

Section 12 of article 6 of the Constitution confers jurisdiction on this court: "In all cases *where the amount in dispute,* exclusive of costs, exceeds the sum of two thousand five hundred dollars." The Act of 1901 changed this to forty-five hundred dollars (Laws 1901, p. 107).

The final settlement admitted a cash balance of $3,530.85 to be due the estate, and also admitted that the executor had in his hands certain mining stocks, the value of which is not given. The exceptions of Mrs. Hussey charged that in addition to the cash balance admitted to be due, the executor should be charged with $699.12 which he had paid to a building company (it was on account of what one of the legatees owed the building association, and should have been taken out of her distributive share and not out of the general assets of the estate, as that would make the other legatees pay a part of it) and also with interest on the money of the estate in his hands as executor because he had improperly mingled

it with his individual funds. This was then the controversy between the parties litigant. The court decided in favor of the exceptor, charged the executor with the $699.12 and with $2,280.85 interest, aggregating $2,979.97. This, then, is "the amount in dispute" within the meaning of section 12 of article 6 of the Constitution. It is from the judgment of the circuit court charging him with $2,979.97 that the executor has appealed, and not from the $3,530.85 that he charged himself with in his final settlement. He is and always has been ready to pay and by his settlement offered to pay the $3,530.85, but he disputes his liability to pay the $2,979.97. The amount in dispute in this case is therefore $2,979.97. This is below the jurisdiction of this court, and within the appellate jurisdiction of the St. Louis Court of Appeals, and, therefore, this case is hereby transferred to the St. Louis Court of Appeals, pursuant to the provisions of section 1657, Revised Statutes 1899. All concur.