## PITTSBURG BRIDGE COMPANY v. ST. LOUIS TRANSIT COMPANY, Appellant.

### Division One, June 29, 1907.

1. **APPELLATE JURISDICTION: Amount in Dispute.** In determining the amount in dispute the court may look within the mere shell of the pleadings and judgment—the mere colorable amount in dispute—and seek out the real amount. That may not be the amount of the judgment appealed from.

2. ———: ———: Counterclaim: One Item.   Plaintiff sued for
$7,043.97, balance due for reconstructing under contract a power
station for defendant.   Defendant answered, denying owing
plaintiff that sum or any sum, and setting up a counterclaim for
four thousand three hundred dollars damages for eighty-six
days' delay in performing the contract after the day set for
full performance, and for certain extra work amounting to
$142.74.   At the trial defendant admitted it owed plaintiff the
amount sued for, and plaintiff admitted it owed defendant the
item of $142.74, and the only issue remaining was the dispute
as to the four thousand three hundred dollars, and on that the
court heard evidence and found defendant was entitled to fifty
dollars a day for thirty-seven days' delay, or $1,850, and deduct-
ed that sum and the other item from the amount sued for and
gave judgment for $5,789.30, and defendant appealed,   Held,
that the amount in dispute, in no view of the case, exceeds four
thousand five hundred dollars, and therefore the Supreme Court
does not have jurisdiction.

Appeal from St. Louis City Circuit Court.—*Hon. War-
wick Hough,* Judge.

TRANSFERRED TO ST. LOUIS COURT OF APPEALS.

*Glendy B. Arnold* for appellant; *Boyle & Priest* of
counsel.

*Abbott & Edwards* for respondent.

LAMM, J.—Defendant appeals here from a judg-
ment against it for $5,789.30.

Plaintiff held a contract to reconstruct a certain
power station belonging to defendant, for so much mon-
ey — a day being set for full performance and $50 *per
diem* named for failure in time.   Alleging performance,
it sued for $7,043.97, the balance due on that contract.

Defendant answered, denying owing plaintiff that
sum or any other sum.   Referring to the contract
counted on, defendant pleaded full payment of the con-
tract price.   Further referring to the contract, defend-
ant pleaded a counterclaim in two items.   First, for
$4,300 damages for eighty-six days' delay in performing
Sup.—12

the contract after the day set for full performance; and, second, for certain extra work, $142.74.

The reply put in issue the new matter.

With cross-claims and pleadings in this fix (both parties denying liability), the amount in dispute at the beginning was the amount claimed in the petition plus the two items of the counterclaim, aggregating $11,-486.71.

Presently the case came on for trial before Judge Hough, sitting as a jury, and the parties litigant did not stand on the amount in dispute outlined in the pleadings.     To the contrary, defendant admitted it owed plaintiff on the building contract the sum sued for; and plaintiff admitted it owed defendant the smaller of the two items of the counterclaim.   This left the amount in dispute the first item of defendant's counterclaim, to-wit, $4,300.   That issue was threshed out at the trial.   To that issue the evidence was limited.   To that issue the instructions were directed.   On that issue the court made its finding.   It found that defendant was entitled to damages at $50 a day for thirty-seven days' delay, aggregating $1,850.   To this sum it added the admitted item of $142.74 with interest, aggregating $2,006.   It deducted the ascertained and determined amount of defendant's counterclaim from the amount admitted to be due plaintiff and rendered judgment for the difference.   From that judgment plaintiff took no appeal, defendant alone appealing, as said.   So much for the amount in dispute below.

In this court the case is presented by abstracts, statements and briefs on both sides on the theory that the balance on the contract price is not in dispute; that the smaller item in defendant's counterclaim is not in dispute; and that (as plaintiff took no appeal) the allowance of damages in the sum of $1,850 for thirty-seven days' delay on the larger item of the counterclaim is no longer in dispute.   The single bone of con-

tention is the issue whether defendant was entitled to damages for eighty-six days' delay in performing the contract, as claimed in the answer, or the thirty-seven days allowed by the court.

As there is no federal or constitutional question raised and the title to real estate is not involved, our jurisdiction must hinge on the amount in dispute. [Laws 1901, p. 107.]

We are given jurisdiction in all cases where the amount in dispute, exclusive of costs, shall exceed the sum of $4,500. In determining the amount in dispute we may look within the mere shell of the pleadings and judgment — the mere colorable amount in dispute — and seek out the real amount. [Vanderberg v. Gas Co., 199 Mo. 455.] In that case it was said: "Frequently the amount in dispute is materially affected by eliminating items and elements at the trial, and the record shows this. Would it not be an act sounding to folly for us to say that, for the purposes of jurisdiction on appeal, we must continue to consider such eliminated matters?"

In Wilson v. Russler, 162 Mo. l. c. 567, it was said: "It is now the settled law that in determining whether the jurisdiction of an appeal is vested in this court or one of the courts of appeals, the court will look into the record and ascertain the sum actually in dispute and will not be governed by the prayers of the petition and answer alone." In that case the record was looked into and by a process of inclusion and exclusion, considering the petition, the counterclaim and the admissions at the trial, it was ascertained that this court had no jurisdiction, and the cause was remanded to the Kansas City Court of Appeals.

In State ex rel. Lingenfelder v. Lewis, 96 Mo. 146, two amounts were in dispute, viz., the amount claimed by the plaintiffs on their cause of action and the amount claimed by the defendant on his counterclaim; and

BRACE, J., said: ''The amount in dispute by which the jurisdiction of the appellate court is to be determined is not necessarily fixed by the amount of the judgment appealed from (State ex rel. v. Court of Appeals, 87 Mo. 569), nor by the amount claimed on the cause of action sued upon (Kerr v. Simmons, 82 Mo. 269), but by the amount that remains in dispute between the parties, on the appeal, and subject to determination by the appellate court of the legal questions raised on the record; to ascertain which, the appellate court is not confined to an examination of the judgment only, or the pleadings in the case, but may look into the whole record.'' The facts of that case put it on all-fours with this. There, by a sensible process of sorting out, the real amount in dispute on appeal was got at with the result that it was held this court had jurisdiction. Accordingly a writ of prohibition issued to the St. Louis Court of Appeals prohibiting that court from proceeding to hear and determine the cause.

In Conrad v. DeMontcourt, 138 Mo. 311, a judgment went for plaintiff and against defendant on a counterclaim; and it was held that his court would look into the counterclaim to ascertain the amount in dispute. [Page 321, et seq.]

In In re Burke's Estate, Green, Executor, v. Hussey, 169 Mo. 212, an executor makes final settlement in the probate court. After taking certain credits he charges himself with a balance of $3,530.85. A distributee, Hussey, files exceptions. These exceptions are disallowed and Hussey appeals to the circuit court. That court increases the amount of the executor's indebtedness by $2,979.97 and adjudges him to stand indebted to the estate in the sum of $6,510.82. Thereupon the executor appeals here. This court looked beneath the mere surface of the judgment and into the record and there ascertains that the only amount in dispute is the increase made by the circuit court, to-wit, $2,979.97.

Accordingly it refused to entertain jurisdiction. [See, also, Douglas v. Kansas City, 147 Mo. 428.]

In the case at bar, the amount in dispute on the surface is the amount of the judgment against defendant. That amount would be sufficient to give this court jurisdiction. But looking deeper into the record for the kernel of the thing, it is not so; and applying the settled rule of construction as shown in the cases cited, it will be seen that if the real amount in dispute is considered to be the first item of the counterclaim, $4,300, yet we have no jurisdiction. And, *a fortiori,* have we no jurisdiction if we come nearer to the real amount in dispute, to-wit, plaintiff's liability for damages for the number of days' delay after deducting the thirty-seven days allowed by the court, to-wit, forty-nine days at fifty dollars per day, say, $2,450.

Having no jurisdiction, the cause is transferred to the St. Louis Court of Appeals for determination.

All concur.