CITY OF DONIPHAN, Appellant, v. S. L. CANTLEY, Commissioner of Finance of the State of Missouri and the RIPLEY COUNTY BANK. —50 S. W. (2d) 658.

Court en Banc, June 3, 1932.

*Fulbright & Sheppard* for appellant.

*Eugene L. McGee* for respondents.

RAGLAND, J.—For a statement of the facts we quote from appellant's abstract of the record as follows:

"This proceeding was commenced by the filing of an application, under the statute, by the City of Doniphan, a city of the fourth class, incorporated under the laws of the State of Missouri, with respondent, S. L. Cantley, Commissioner of Finance of the State of Missouri, in charge of the Ripley County Bank, a banking corporation, which failed on the 20th day of November, 1930, and was placed in the hands of the said Finance Commissioner for liquidation. The

application asked to have the claim (for $9,258.60) allowed by the said Finance Commissioner as a preferred claim. The claim was filed with Eugene L. McGee, Special Deputy Finance Commissioner, in actual charge of the liquidation of the said bank, on the 18th day of April, 1931, . . .

"The claim was allowed (on May 26, 1931) as a common or ordinary claim only by the Special Deputy Finance Commissioner and disallowed as a preferred claim, and the matter was lodged in the Circuit Court of Ripley County, Missouri, under the statute, and at the June term, 1931. . . .

"The court heard the claim . . . and took it under advisement until the regular November term of said court, 1931. At the regular November term of said court, and on the 20th day of November, 1931, rendered its judgment disallowing said claim as a preferred claim but allowing it as an ordinary or common claim."

From such judgment the City of Doniphan prosecutes this appeal.

■■ The first question to challenge attention on this record is one of appellate jurisdiction. The relation of the State Commissioner of Finance to the controversy is not such to confer jurisdiction on this court. [Bank of Darlington v. Atwood, 325 Mo. 123, 27 S. W. (2d) 1029.] Indeed, the record suggests but one possible ground, namely, that the amount in dispute exceeds $7500. But what is the amount in dispute? Clearly the difference between the amount that can be realized by the city of Doniphan on the claim as allowed and the amount it would realize if the claim were given a preference. What that difference is cannot be determined from the record. Speculation or conjecture as to the amount in dispute cannot be indulged in for the purpose of determining jurisdiction. [McGregory v. Gaskill, 317 Mo. 122, 124-5, 296 S. W. 123.] It must affirmatively appear from the record in the cause. [Stuart v. Stuart, 320 Mo. 486, 488, 8 S. W. (2d) 613.]

The Courts of Appeals in this State have general appellate jurisdiction, that is to say, they have jurisdiction of all appeals except those in which the jurisdiction is specifically conferred upon the Supreme Court by the Constitution. So that, if it does not affirmatively appear from the record in a given case that it falls within one of the designated classes of which this court is given jurisdiction, the appeal lies as a matter of course to the Court of Appeals of the district in which the cause was tried.

■ As the record fails to affirmatively show that the amount in dispute exceeds $7500 or any other ground conferring jurisdiction on this court, the cause is transferred to the Springfield Court of Appeals. All concur.