WILLIAM FLEISCHAKER, Plaintiff-Respondent, v. ALBERT FLEISCHAKER, Defendant-Appellant, RUTH FLEISCHAKER, EMIL FLEISCHAKER, IRIS FLEISCHAKER MEYERHARDT and JACOB FLEISCHAKER, Defendants-Respondents.

STATE OF MISSOURI at the Relation of ALBERT FLEISCHAKER, Relator, v. PERRY T. ALLEN, ROBERT J. SMITH, WALTER E. BAILEY. Judges of the Springfield Court of Appeals.—92 S. W. (2d) 169.

Division Two, March 21, 1936.

*Gossett, Ellis, Dietrich & Tyler, Mertsheimer & O'Donnell* and *Charles M. Grayston* for appellant.

*Frank R. Birkhead* for Ruth Fleischaker, Emil Fleischaker, Iris Fleischaker Meyerhardt and Jacob Fleischaker.

WESTHUES, C.—Respondent, William Fleischaker, in case number 33788, filed a bill in equity in the Circuit Court of Jasper County, Missouri, in which he, asked the court to construe the, terms of the last will and testament of Isadore Fleischaker. The defendants in, that suit were the five children, devisees, and only heirs of Isadore Fleischaker. William Fleischaker, the plaintiff, a brother of Isadore, was named in the will as trustee of the estate.

The trial court entered a decree construing the will, and one of the defendants, Albert Fleischaker, the oldest son, appealed from the judgment. The appeal was lodged in the Springfield Court of Appeals. The case was there briefed and submitted for decision. That court, on February 20, 1934, delivered an opinion affirming the judgment of the trial court. [See 70 S. W. (2d) 104.] A motion for rehearing was overruled April 3, 1934. Appellant also filed a motion in the Springfield Court of Appeals seeking to quash the opinion and to have the case transferred to this court, on the ground that this court and not the Court of Appeals possessed appellate jurisdiction. This, because the amount in dispute exceeded $7500. This motion was denied. Thereafter appellant filed mandamus proceedings in this court to compel the judges of the Springfield Court of Appeals to transfer the case to this court. An alternative writ was issued on the 21st day of June, 1934, commanding the Court of Appeals to transmit the case here or to show cause, if any, why the case should not be transferred. In response to this alternative writ the respondent judges transferred the case to this court. The judges of the Court of Appeals are, therefore, the respondents in the mandamus proceeding, being case number 33701, and Albert Fleischaker is the relator. The cases were argued at the September, 1935, term of this court. For a detailed statement of the facts on the merits reference is made to the opinion of the Court of Appeals.

We have reached the conclusion that this court does not have jurisdiction of the appeal in this case, because the record fails to show that the amount in dispute exceeded $7500. The facts in brief, pertaining to jurisdiction, are as follows: Isadore Fleischaker, by his last will and testament, left all of his property to his brother William in trust for the benefit of his five minor children. The will provided that the trust should continue until the youngest child reached the age of twenty-one years. The testator also provided in his will that the property should be divided equally among his children. The trustee took charge of the estate and administered the trust. When the youngest child was about to reach his majority the trustee filed a petition in the circuit court stating that a dispute had arisen over the

division of the estate, the question of dispute being whether the property of the estate should be divided equally between the five children, as of the date of the testator's death, or whether the division should take place at the termination of the trust, and the maintenance of the children charged against the bulk of the estate in place of against each devisee's share.

It was alleged in the petition that the estate was originally inventoried at approximately $24,000; that at the time the trustee filed his petition he had on hand, after making some distributions, the sum of approximately $13,000. As mentioned above the appellant, Albert Fleischaker, was the oldest of the five children. He filed an answer to the trustee's petition contending that the estate should have been divided into five equal parts at the time of the testator's death and the maintenance of each child charged against his separate share. The trial court, by its decree, ruled that under the terms of the will the property should be divided into five equal parts at the termination of the trust; that the cost of the maintenance of the children should be charged against the bulk of the estate. From this judgment Albert Fleischaker appealed. The Court of Appeals, as above noted, affirmed the judgment of the trial court.

On the question of jurisdiction the query is whether the entire estate, that is $13,000, is to be considered the amount in dispute, or is it the difference appellant would receive depending on the date decreed as a proper time for distribution of the estate. The contending forces have cited many cases in their briefs on the question of jurisdiction. The rule consistently followed, where jurisdiction depended upon the amount in dispute, was clearly stated by the St. Louis Court of Appeals in an early case. This rule was later quoted with approval by this court en banc in Aufderheide v. Polar Wave Ice & Fuel Co., 319 Mo. 337, 4 S. W. (2d) 776, l. c. 793. The rule and the comment thereon by this court reads as follows:

"One of the clearest legal minds that ever graced an appellate bench in Missouri formulated the Missouri rule of determining jurisdiction in cases wherein relief other than a money judgment is involved.

"That rule (Evens & Howard Fire Brick Co. v. St. Louis Smelting & Refining Co., 48 Mo. App. l. c. 635), reads:

" 'It is settled that, where the right of appeal depends on the value of the matter in dispute, such value must be estimated in money. When the object of the suit, however, is not to obtain a money judgment, *but other relief*, the amount involved must be determined by the value in money *of the relief to the plaintiff, or of the loss to the defendant*, should the relief be granted, or *vice versa*, should the relief be denied. *If either is necessarily in excess of the sum within the appellate jurisdiction of this court*, then the Supreme Court has exclusive cognizance of the appeal. We took this view in the case of

Gartside v. Gartside, 42 Mo. App. 513, in transferring that case to the Supreme Court, and that court, in refusing to remand the cause to us upon a motion made to that effect, affirmed our holding.'

"It will be observed that the learned writer was particular, in a few words, to say that if the amount involved upon *either side* exceeded the jurisdiction of the Court of Appeals, the jurisdiction was in the Supreme Court. There was a reason for this rule. If plaintiff had judgment, his relief gained might exceed $7500, whereas the loss to defendant (appellant) might be much under $7500. If loss to defendant (appellant) alone controlled, the plaintiff might lose his judgment (for relief in value much more than $7500) in an appellate court which had no jurisdiction over the amount involved in plaintiff's judgment. Hence the rule says:

" 'If either (plaintiff's gain or defendant's loss, or *vice versa*), is necessarily in excess of the sum within the appellate jurisdiction of this court (Court of Appeals) then the Supreme Court has exclusive cognizance of the appeal.' "

In the case now before us no money judgment was sought. In the above rule it was stated:

"When the object of the suit, however, is not to obtain a money judgment, *but other relief*, the amount involved must be determined by the value in money *of the relief to the plaintiff*, or *the loss to the defendant*, should the relief be granted, or *vice versa*, should the relief be denied."

A judgment in the case before us, responsive to the pleadings, could be neither a financial detriment or a benefit to the plaintiff in the case. The judgment, as entered, probably meant a financial loss to appellant. The amount of this loss cannot be determined from this record. It appears, however, from the record that in any event it would not exceed $7500. It is, therefore, apparent that upon the theory and reasoning in the Aufderheide case the Springfield Court of Appeals had jurisdiction of this appeal.

[2] Relator, however, contends that the entire estate of $13,000 should be considered the amount in dispute. In support of this, cases are cited involving injunction proceedings wherein it was sought to prevent a breach of building restriction covenants, such as Rombauer v. Compton Heights Christian Church, 328 Mo. 1, 40 S. W. (2d) 545. The case of Aufderheide, supra, was also cited. In both of those cases this court held that the damage or benefit, depending upon the outcome of the suit, when measured in money, would exceed $7500. Those cases do not support relator's theory. Other cases cited involved proceedings to discover assets. A judgment in such a case would either be a benefit or a loss to plaintiff to the amount of property sought. If in excess of $7500, jurisdiction of the appeal would be in this court. Roethemeier v. Veith, 334 Mo. 1030, 69 S. W. (2d) 930 :

Gardner v. Vanlandingham, 334 Mo. 1054, 69 S. W. (2d) 947, are such cases and involve property of over $7500 in value. Another case cited, Robert v. Mercantile Trust Co., 324 Mo. 314, 23 S. W. (2d) 32, was a suit to compel a trustee to deliver to a life beneficiary stock dividends of more than $7500 in value. The contest was whether stock dividends should be considered income or a part of the *corpus* of the estate. If plaintiff had lost the suit it would have resulted in a loss to the amount of the stock.

In Fowler v. Fowler, 318 Mo. 1078, 2 S. W. (2d) 707, and in Meyers v. Drake, 324 Mo. 612, 24 S. W. (2d) 116, both will contest cases, this court retained jurisdiction of the appeals where the amount of the estate exceeded $7500. The only consideration given the question of jurisdiction was the bald statement—"The value of the estate fixes our appellate jurisdiction." Cases have been decided by this court without any mention of jurisdiction, where in fact had the question been given attention it would have been found that this court lacked jurisdiction. In the Fowler and Meyers cases, supra, the opinions do not disclose that this court would not have had jurisdiction had the pecuniary loss or benefit rule been applied. A general statement was made in each case as to the value of the estate, and the loss or gain to the contestants was not discussed.

The general statement in the above cases, that the amount of the estate fixes appellate jurisdiction is inaccurate. It may be that in some cases the amount of the estate is actually in dispute, then of course the value of the estate fixes appellate jurisdiction. We have applied the rule in the Aufderheide case, supra, to various situations. For example in the cases of City of Doniphan v. Cantley, 330 Mo. 639, 50 S. W. (2d) 658, and Consolidated School District v. Gower Bank, 53 S. W. (2d) 280, the plaintiffs sued to have a preferred claim allowed against the assets of defunct banks. The claim in each case exceeded $7500. This court denied jurisdiction because the record in neither case disclosed that the benefit to the claimants or the loss to the other creditors would exceed $7500 in case the claims, if not preferred, should be allowed as common claims. In such cases the holder of every common claim is affected by the judgment. Yet it is apparent that the value of the assets of the defunct bank should not be considered as fixing appellate jurisdiction. So in the case before us, it was admitted by the pleadings that the entire estate should be paid to the five defendants as devisees. The dispute was in what proportion it should be distributed.

In Clotilde v. Lutz, 157 Mo. 439, 57 S. W. 1018, same case in 73 Mo. App. 37, the St. Louis Court of Appeals transferred that case to this court because the amount involved exceeded $2500, which was the limit of the jurisdiction of the Court of Appeals at that time. It was a proceeding to subject real estate to the payment of a special legacy.

The value of the estate was $20,000 consisting entirely of real estate. The case was not transferred here because of the value of the estate but because the amount of all the specific legacies was over $2500! Note the language of the Court of Appeals:

"In our opinion the cause must be transferred to the Supreme Court, for the reason that the amount involved exceeds the sum of $2500. It is true that the plaintiff's legacy amounts only to $2000, but her application is for an order to sell real estate to pay all of the legacies, which amount to $4410."

This holding was approved by this court. The loss in that case to the defendant, the residuary legatee, was $4410, which was the total amount of the specific bequests to which the real estate was subjected. So also a close reading of the opinion in State ex rel. v. Reynolds, 275. Mo. 113, 1. c. 121, 122, 204 S. W. 1093, will disclose that the reasoning is contrary to relator's contention.

We do not deem it necessary to further discuss cases cited by relator. The Supreme Court has only such jurisdiction as has been specifically conferred by the Constitution. [Ward v. Consolidated School District, 7 S. W. (2d) 689, 320 Mo. 385 (court en banc).] The record must disclose that the amount in dispute exceeds $7500 in order to confer jurisdiction upon the Supreme Court in cases where jurisdiction depends upon the amount in dispute. [Ward v. Consolidated School District; Consolidated School District v. Gower Bank; City of Doniphan v. Cantley, supra, and Ray v. Missouri Christian College, 84 S. W. (2d) 614.]

The rule followed by this court, that where the relief sued for is other than a money judgment, appellate jurisdiction is determined by the value in money of the relief to the plaintiff or of the loss to the defendant, should the relief be granted, or *vice versa* should the relief be denied, should be applied to cases seeking the interpretation of, or contesting wills. Will contest cases and suits to construe wills are no different, on the question of jurisdiction, than the case of Blankenship v. Ratcliff, 335 Mo. 387; 73 S. W. (2d) 183, wherein two brothers sought to recover the entire estate of their deceased sister, which estate amounted to $8129.83. It was pointed out in that case that the brothers were each entitled to a one-ninth share of the estate as heirs at law of their deceased sister. The case was, therefore, transferred to the Court of Appeals because only seven-ninths of the estate was in dispute and the value of the seven-ninths was less than $7500. [See, also, Mathews v. Hughes, 232 S. W. 99.] We therefore hold that the Springfield Court of Appeals possesses appellate jurisdiction in case number 33788.

It is, therefore, ordered that our alternative writ of mandamus, in case number 33701, heretofore issued, be quashed. It is further or-

dered that case number 33788 be retransferred to the Springfield Court of Appeals. *Cooley* and *Bohling, CC.*, concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.