LOUISE WHITWORTH, Appellant, v. ESTATE OF WALTER J. MONAHAN.
—100 S. W. (2d) 460.

Division One, December 14, 1936.

*Thompson, Mitchell, Thompson & Young* and *Fred Armstrong* for appellant.

*William Kohn* for respondent; *Luke E. Hart* and *Herbert M. Hart* of counsel.

GANTT, P. J.—Action originating in the probate court to recover for services rendered by plaintiff to Walter J. Monahan during his lifetime. The claim was disallowed by the probate court. Plaintiff appealed. The circuit court ruled that the probate court was without jurisdiction to entertain the claim. Plaintiff declined to amend or further plead. On the rendering of judgment for defendant, plaintiff appealed. The question of the appellate jurisdiction of this court is presented by the record. The amount in dispute as shown on the face of the claim is not controlling. [Pittsburg Bridge Co. v. Transit Co., 205 Mo. 176, 103 S. W. 546.] The claim follows:

''For services rendered Walter J. Monahan at his instance and request from October, 1921, to November, 1931, the date of his death;

said services consisting of the management and care of decedent's properties, performance of general housekeeping duties and the nursing and care of said decedent, for which services said Walter J. Monahan agreed to pay claimant as compensation the entire amount of his estate at his death; that under and by virtue of his will said decedent wholly failed to provide for claimant.

"The total amount of the estate is $15,183.63, as shown by inventory and appraisement of said estate now on file in the Probate Court of the City of St. Louis, Missouri.

"The amount of this claim and demand is fifteen thousand one hundred eighty-three and 63/100ths ($15,183.63) dollars, which amount is justly due claimant."

The alleged agreement to pay plaintiff the entire amount of the estate necessarily means the net amount of the estate. It could not be otherwise. [Hall v. Getman, 121 Mo. App. 630, 636, 97 S. W. 607.] For ought that appears, claims against the estate may reduce the net value to less than $7500. If so, this court is without appellate jurisdiction, which must affirmatively appear from the whole record.

The cause should be transferred to the St. Louis Court of Appeals. It is so ordered. All concur.