MISSISSIPPI VALLEY TRUST COMPANY, a Corporation, Executor of the last Will and Testament of ELMA A. UTTER, and Trustee of the testamentary trust therein created, v. MAUD W. BOWLER, JAMES H. ATKINSON, WILLIAM W. ATKINSON, MARCH THOMA, Conservatrix for WILLIAM W. ATKINSON, a person of unsound mind, and MARCH THOMA, Defendants, JAMES H. ATKINSON, Appellant. —143 S. W. (2d) 59.

Division Two, September 10, 1940.

*M. F. O'Brien* and *Amandus Brackman* for appellant.

*Case, Voyles & Case* and *George L. Stemmler* for Mississippi Valley Trust Company.

*E. H. Schwarzenbach* for Maud W. Bowler, William W. Atkinson, March Thoma, Conservatrix for William W. Atkinson, a person of unsound mind.

ELLISON, P. J.—This is a suit to construe the holographic will of Elma Atkinson Utter, who died in St. Louis County in 1937. In one clause she bequeathed to the Mississippi Valley Trust Co., of St. Louis, in trust for her brother, the appellant James H. Atkinson, the sum of $10,000, and directed that during the continuance of the trust the trustee pay him out of the principal or income the sum of $50 per month, and in case of sickness such additional amounts as may be needed. The clause further provided that if the appellant predecease her "his part to go to the estate." There was no express direction as to what should be done with any part of the trust fund remaining unexpended at appellant's death in case he survived her.

Appellant contends that upon a proper construction of the clause in connection with its context: (1) he is entitled to the whole fund of $10,000, absolutely, on the theory that the trust is merged in the fee since the will discloses an intent to leave the whole fund to him and fails to dispose of the remainder subject to his life estate; (2) and if not that, then at least he is beneficiary under the trust during his life, and seized of the remainder subject to said trust. Respondents dispute both these contentions except that they concede appellant is beneficiary under the trust for his life. As to any remainder subject thereto they say the testatrix died intestate.

These issues raised a question as to our jurisdiction, which is determined in this case by the monetary amount in dispute. If that amount does not exceed $7,500, exclusive appellate jurisdiction is in the St. Louis Court of Appeals. [Sec. 12, Art. VI; Sec. 3, Amendment of 1884, Const. of Missouri; Sec. 1914, R. S. 1929, Mo. Stat. Ann., p. 2587.] Appellant says in his brief we have jurisdiction because the title to the $10,000 trust fund is in dispute. But this is incorrect. The *character* of the whole fund may be in dispute but the *amount* the appellant stands to win or lose is not the whole $10,000, because respondents concede he is entitled to his rights as beneficiary under the trust for his lifetime. If we knew the monetary value of that interest, we could subtract it from the $10,000 and thereby determine the amount in dispute. But we cannot compute even the value of his annuity of $600 per year ($50 per month) because the record does not show his age, and thereby furnish a basis for ascertaining his life expectancy. Furthermore, the clause allows him "in case of sickness such additional sum as may be needed." This cannot be forecast at all.

The rule is well settled that the facts established appellate jurisdiction in this court must affirmatively appear. [Higgins v. Smith, 346 Mo. 1044, 144 S. W. (2d) 149; City of Doniphan v. Cantley, 330 Mo. 639, 50 S. W. (2d) 658.] They do not so appear here, and, indeed, cannot be determined. Accordingly, the cause is ordered transferred to the St. Louis Court of Appeals.

All concur.