ABRAM J. HIGGINS, ROBERT G. HIGGINS, LUCY M. HIGGINS, AUGUST THERON PERKINS, MCEVERETT PERKINS, DORRIS PERKINS, wife of MACK PERKINS and HUDLEN GREEN, husband of JANE GREEN, v. MABEL HIGGINS SMITH, individually, and as executrix under the alleged last Will of MARY ELIZABETH HIGGINS, IRVING SMITH, IRVING SMITH, JR., AUDREY SMITH, ROBERT A. SMITH, PRISCILLA P. RUSSELL, as executrix under the alleged last Will of MARY ELIZABETH HIGGINS and JANE HIGGINS GREEN, Appellants.—144 S. W. (2d) 149.

Court en Banc, November 9, 1940.

*S. E. Garner* and *Lewis W. Clymer* for appellants.

*John W. Giesecke* and *Charles L. Waugh* for respondents.

BOHLING, C.—This is a will contest.

Appellants, proponents *nisi*, say we have jurisdiction by reason of the value of the estate. Where, as here, monetary relief is not sought and appellate jurisdiction turns on the amount involved, it is well settled that the amount in dispute " 'must be determined by the value in money of the relief to the plaintiff, or of the loss to the defendant, should the relief be granted, or *vice versa*, should the relief be denied.' " [Aufderheide v. Polar Wave Ice & Fuel Co. (Banc), 319 Mo. 337, 370(I), 4 S. W. (2d) 776, 793(I), quoting ROMBAUER, P. J., in Evens & H. F. B. Co. v. St. Louis S. & R. Co., 48 Mo. App. 634, 635.] The petition alleged testatrix was insured for "about" $15,250; that the same was payable to her estate; that she owned other personal property of a value unknown but believed to be of $5,000. On the other hand, the answer alleged and the reply did not deny the executrix *pendente lite* qualified as such upon giving a bond of $18,000. A bond of $18,000 reflects an estate of a value not to exceed $9,000. [Sec. 18, R. S. 1929, Mo. Stat. Ann., p. 18.] Under our Statutes of Descent and Distribution the net estate would be subject to division into five principal shares. Contestants represent four of the five shares. If we turn to testatrix's will, we encounter other

complications productive of greater speculation. To a sister, party proponent, testatrix bequeathed one-third of the proceeds of the insurance policies and to her father, one of the contestants, primarily $25 a month out of the income derived from said insurance policies and also, if necessary and subject to the best judgment of the trustees, sufficient of the corpus for his support, maintenance and care. To two nephews, sons of a deceased sister and parties contestant, she gave an automobile. There is no evidentiary showing of the value of the estate, of the amount of allowed demands not paid, outstanding unallowed demands, the reasonable expenses incurred or to be incurred, or whether there was any charge against testatrix's insurance.

Whitworth v. Monahan's Estate (Div. I), 339 Mo. 1123, 100 S. W. (2d) 460, rules the issue against appellant. In that case Whitworth alleged that Monahan, during his lifetime, had agreed to pay claimant for certain personal services, etc., "the entire amount of his estate at his death;" that Monahan's will wholly failed to provide for claimant; and that "the total amount of the estate is $15,183.63, as shown by inventory and appraisal of said estate . . .;" and that he claimed the $15,183.63. The court held the amount shown on the face of the claim did not control; that the alleged agreement necessarily referred to "the net amount of the estate;" and that "for ought that appears, claims against the estate may reduce the net value to less than $7500." The cause was transferred to the St. Louis Court of Appeals.

We are mindful of the broad observations in Fowler v. Fowler (Banc), 318 Mo. 1078, 1081, 2 S. W. (2d) 707[1], and Meyers v. Drake (Div. I), 324 Mo. 612, 620, 24 S. W. (2d) 116, 118[1]—will contest cases—that: "The value of the estate fixes our appellate jurisdiction" (quoting the Fowler case). As indicated by WESTHUES, C., in Fleischaker v. Fleischaker (Div. II), 338 Mo. 797, 801, 92 S. W. (2d) 169, 171, 172, this bald assertion was made without reasoning the issue, without the citation of supporting authority, is inaccurate and said opinions do not disclose jurisdiction in this court on the amount involved. The statement of facts in the Meyers case indicates testator devised realty. This court has jurisdiction over the contest of a will involving title to real estate. [State ex rel. v. Shain (Banc), 344 Mo. 15, 18, 124 S. W. (2d) 1087, 1088[6], and cases cited.] We think Whitworth v. Monahan's Estate good law, and that the mentioned observations in the Fowler and Meyers cases stand overruled in effect, although perhaps not specifically, in subsequent decisions.

Under a constitutional form of government, usurpations of power by a court of last resort become lurking menaces. The basic principles of our appellate jurisdiction are to be found in the Missouri Constitution. Where appellate jurisdiction of a will contest pivots on the amount involved, under the applicable constitutional and statutory provisions jurisdiction vests in this court, not by reason of the value

of the estate but as in other instances, only "where the *amount in dispute,* exclusive of costs, exceeds the sum of" "seventy-five hundred dollars." (Italics ours.) [Section 12, Art. 6, and Secs. 3 and 5, Amend. 1884, Art. 6, Mo. Const., pp. 108, 118, R. S. 1929, and Sec. 1914, R. S. 1929.]

In this important matter, involving our organic law, we have made appropriate observations and rulings. " 'Jurisdiction "can neither be waived nor conferred by consent of parties." ' " [Drew v. Platt, 329 Mo. 442, 444, 44 S. W. (2d) 623, 624[1], and cases cited.] Our Courts of Appeals are courts of general appellate jurisdiction and this court is a court of limited appellate jurisdiction. [City of Doniphan v. Cantley (Banc), 330 Mo. 639, 640, 50 S. W. (2d) 658, 659[4]; State ex rel. Pitcairn v. Public Service Commission, 338 Mo. 180, 182[1], 90 S. W. (2d) 392, 393[1]; State ex rel. Orscheln, etc., Inc. v. Public Service Commission, 338 Mo. 572, 574[1], 576, 92 S. W. (2d) 882, 883[2], 884[6]; Mitchell v. Dabney, 332 Mo. 410, 415[2, 3], 58 S. W. (2d) 731, 733[2, 3]; Stuart v. Stuart, 320 Mo. 486, 487, 8 S. W. (2d) 613[1].] Our jurisdiction must affirmatively appear from the record of the trial court. [The City of Doniphan, Mitchell and Stuart cases, supra; Nies v. Stone (Mo.), 108 S. W. (2d) 349, and cases cited.] And, we may not indulge in speculation and conjecture for the purpose of assuming jurisdiction. [City of Doniphan v. Cantley (Banc), 330 Mo. 639, 640[2], 50 S. W. (2d) 658, 659[3]; McGregory v. Gaskill, 317 Mo. 122, 125, 296 S. W. 123, 124[4]. Consult: Bante v. Bante Development Co., 323 Mo. 649, 653, 19 S. W. (2d) 641, 642[3].] "We are on firmer ground in holding, as we do, that the appellate jurisdiction of this court, on the ground of the amount in dispute, attaches when, and only when, the record of the trial court affirmatively shows that there is involved in the controversy, independent of all contingencies, an amount exceeding $7500, exclusive of costs." [Stuart v. Stuart, 320 Mo. 486, 488, 8 S. W. (2d) 613, 614.] "A mere chance that the amount in dispute may exceed $7500 does not give this court jurisdiction." [Platies v. Theodorow Baking Co., 334 Mo. 508, 511[1], 66 S. W. (2d) 147, 148[2].] "It must appear affirmatively and with certainty from the record of the trial court that the amount in dispute exceeds $7500." [Grant v. Bremen Bk. & Trs. Co. (Mo.), 108 S. W. (2d) 347, 348[2]. See Hardt v. City Ice & Fuel Co., 340 Mo. 721, 723, 102 S. W. (2d) 592, 593[3].]

Absent some other determinative factor, the prayer of the petition in actions wherein monetary relief is sought ordinarily is resorted to for a determination of the amount in dispute. [Johnston v. Ramming, 340 Mo. 311, 313[1], 100 S. W. (2d) 466[1]; Sofian v. Douglas, 324 Mo. 258, 263(I), 23 S. W. (2d) 126, 128[1]. Consult Clinton v. Clinton, 223 Mo. 371, 382, 123 S. W. 1, 3; Sec. 1247, R. S. 1929, Mo. Stat. Ann., p. 1472.] But this aid for determining

appellate jurisdiction is subject to a more basic principle, viz.: We reserve unto ourselves the right to pierce pleadings, proofs, records and judgments sufficiently far to determine that our proper jurisdiction is not infringed upon or improper jurisdiction is not foisted upon us by acts of commission or omission, whether by design or inadvertence, affecting the real amount in disputed. [State ex rel. v. Reynolds (Banc), 245 Mo. 698, 704(d), 151 S. W. 85, 87(d); Wilson v. Russler (Banc), 162 Mo. 565, 567, 63 S. W. 370; Keleher v. Johnson (Banc), 272 Mo. 699, 701, 199 S. W. 935; Kingshighway Presbyterian Church v. Sun Realty Co., 324 Mo. 510, 513, 24 S. W. (2d) 108, 109[3]; Sleyster v. Eugene Donzelot & Son, 323 Mo. 822, 825, 20 S. W. (2d) 69, 70; Pittsburg Bridge Co. v. St. Louis Transit Co., 205 Mo. 176, 179, 103 S. W. 546.] In Vanderberg v. Kansas City, Mo., Gas Co., 199 Mo. 455, 97 S. W. 908, plaintiff sought $5,000 actual and $5,000 punitive damages. This court examined the record, ascertained there was no evidence upon which to base punitive damages and the actual damages were small, at most one or two hundred dollars and transferred the case to the Court of Appeals. In General Theatrical Enterprises v. Lyris (Mo.), 121 S. W. (2d) 139, 140[2-4], defendant's counterclaim alleged damages of $10,000 and more, but prayed for no specific amount and defendant made no attempt to prove general damages in anything like the amount stated. The case was transferred to the Court of Appeals.

An action seeking specific monetary relief is distinguishable on the issue from a will contest. In the former the amount of relief turns on facts adduced in evidence. In the latter we judicially know the amount of the estate is proper subject matter for diminution in the course of administration. The value of the estate, while a factor, is not the sole factor determinative of appellate jurisdiction and the record must affirmatively and clearly show, after eliminating all proper items, that the amount in dispute between the litigants remains in excess of $7500 to vest jurisdiction here. So say the cases reasoning like issues. [Consult Whitworth v. Monahan's Estate, supra; Winn v. Matthews (Mo.), 130 S. W. (2d) 484[3]; Aurien v. Security Nat'l Bk. S. & Trs. Co. (Mo.), 129 S. W. (2d) 1047[1]; Flynn v. Kinealy (Re Flynn's Estate), 338 Mo. 522, 526[2], 92 S. W. (2d) 671, 674[5]; Fleischaker v. Fleischaker, 338 Mo. 797, 799[1, 2], 92 S. W. (2d) 169, 170[2, 6]; Blankenship v. Ratcliff, 335 Mo. 387, 392, 73 S. W. (2d) 183, 185[3]; Mathews v. Hughes (Mo.), 232 S. W. 99[3]; Gibson v. Burk (Re Ellis' Estate) (Mo.), 127 S. W. (2d) 441, 442[3]; Nies v. Stone (Mo.), 108 S. W. (2d) 349, 350[4]; Hannsen v. Karbe (Mo.), 106 S. W. (2d) 415, 416[3].]

The broad statements in Fowler v. Fowler, and Meyers v. Drake, supra, that the value of the estate determines appellate jurisdiction are in conflict with and in effect overruled by the holding of Court en banc in City of Doniphan v. Cantley, 330 Mo. 639, 50 S. W. (2d)

658, that the "amount in dispute" is determinative of appellate jurisdiction.

The cause is transferred to the St. Louis Court of Appeals.

PER CURIAM:—The foregoing opinion by BOHLING, C., in Division Two is adopted as the opinion of Court en Banc. All concur except *Douglas, J.,* not sitting.