[1] The administrator cum testamento annexo of the estate of Nora Mary Morris, deceased, has instituted this action seeking the construction of the will.
[2] The principal question presented is whether the loss of assets of the estate of testatrix due to the widower's renunciation of the will, and his election to take and a consequent deduction of a widower's statutory share of personalty and dower in realty, is to be divided equally between defendants-respondents (other than the widower, Thomas O. Morris) and defendants-appellants, or whether the loss is to be wholly sustained by such defendants-respondents.
[3] In endeavoring to perform our duty of examining the record to determine if this court has appellate jurisdiction, whether jurisdiction is challenged or not, Fanchon Marco Enterprises v. Dysart, Mo.Sup., 189 S.W.2d 291; Harrell v. Surface, 349 Mo. 370,160 S.W.2d 756, we have reached the conclusion this court does not have jurisdiction of the appeal.
[4] The parties have stipulated the facts which are in part as follows,
[5] Testatrix, a resident of St. Louis County, died June 13, 1947, and her will dated June 26, 1946, was admitted to probate in the Probate Court of St. Louis County July 7, 1947.
[6] Testatrix and Thomas O. Morris were married August 23, 1921. No children were born to their marriage. Defendants-respondents, Catherine Morris Schuchat and Thomas O. Morris, Jr., are children of Thomas O. Morris by a previous marriage. *Page 85 
Defendants-appellants are Julia A. Kobs, John L. Kobs, George H. Kobs, Harry M. Kobs and Marjorie Bonita Powers, respectively the sister, brothers and niece of testatrix.
[7] August 15, 1947, thomas O. Morris, widower, filed his written renunciation of the will and elected to take a share of the estate of testatrix to which he is entitled under the laws of Missouri — one-half of the personal property and a dower interest in the realty, plus a widower's statutory allowance.
[8] At the time of the death of testatrix her estate had a value of approximately $24,000. Plaintiff-administrator now has in his custody and possession the estate of testatrix consisting principally of cash and United States Government Bonds in the approximate total amount of $19,000, and an undivided one-fifth interest (subject to the dower interest of the widower by virtue of his renunciation and election) in certain real estate situate in Ashland, Kentucky. More recently the real property has been yielding a rental of $65 per month, but in past years the rental was $40 per month, and at one time as low as $30 per month.
[9] Testatrix by her will directed the payment of her debts, including expenses of her last illness and burial; and gave her personal effects to her husband, if living at the time of her death, otherwise to her husband's children. Paragraphs Third and Fourth of the will are as follows,
[10] "Third — I give and bequeath the net income from my estate, which at the time this will is made, consists mostly of stocks and bonds, to my sister, Julia A. Kobs, now of * * * Ashland, Kentucky, for her life time. And should illness or unforeseen circumstances arise making it necessary for her to be in need of more funds, she is to have the privilege of drawing on the capital for the amount required. It is my wish that she consult the Executors of this will in regard to the withdrawal.
[11] "Fourth — At the death of my sister, Julia A. Kobs, the estate is to be divided as follows:
[12] "(a) One half to my husband, Thomas O. Morris, if he is living at said time, otherwise in equal shares per capita to the children of my husband, Thomas O. Morris, Jr. and Catherine Morris Schuchat. If either Thomas O. Morris, Jr. or Catherine Morris Schuchat is not living at this time his or her share is to be paid to his or her children living at this time. If neither Thomas O. Morris, Jr. nor Catherine Morris Schuchat is living at this time, their descendants are to receive equal shares of this part of the estate, share and share alike.
[13] "(b) One half to be divided equally among my brothers, John L. Kobs, now of Ashland, Kentucky, George H. Kobs, now of Buchanan, Kentucky, and Harry M. Kobs, now of Ashland, Kentucky, or unto the survivors or survivor. If all my brothers should be dead at said time, this one half shall be paid to my niece, Marjorie Bonita Powers, now of Indianapolis, Indiana."
[14] The trial court found "it was the intention of testatrix to, and by the provisions of Paragraph Third of her Will, she did establish a valid trust (for the life of Julia A. Kobs), thecorpus of which since the renunciation by Thomas O. Morris and his election to take his statutory share of the estate, consistsof one-half the personalty now in plaintiff's custody plus anundivided one-fifth interest in real property located * * * in Ashland, Kentucky, owned by testatrix at the time of her death,diminished by a dower interest therein owned by Thomas O. Morris under his election * * * ." (Our italics.) And the trial court made findings and entered a decree further construing the will as sought by the pleadings, to which construction none of the parties have complained, save and except defendants-appellants contend the decree was erroneous in the respect that it ordered, adjudged and decreed that upon the death of Julia A. Kobs the (named) trustee (after the rendition of a final accounting) "shall pay and deliver to Thomas O. Morris,Jr. one-fourth of the corpus of such trust estate remaining at that time and shall pay and deliver to Catherine Morris Schuchatone-fourth of the corpus of such estate remaining at that time. If Thomas O. Morris, Jr. is not *Page 86 
living at the time of the death of Julia A. Kobs * * * ." (Our italics.)
[15] It is defendants-appellants' position that the whole will, considered in the light of the circumstances surrounding testatrix when the will was made, shows testatrix intended "to divide the whole of her estate equally between two groups," and the husband (a member of one group) having elected "to take his statutory half of his wife's estate the shares of the remaindermen taking under him are inoperative."
[16] Appellants in their jurisdictional statement have said the "appeal comes to this court because the amount involved is in excess of $7500." Where, as in the instant action, monetary relief is not sought and the Supreme Court's appellate jurisdiction depends upon the "amount in dispute," such amount must be determined by "the value in money of the relief to the plaintiff, or of the loss to the defendant, should the relief be granted, or vice versa, should the relief be denied." Evens 
Howard Fire Brick Co. v. St. Louis Smelting Refining Co., 48 Mo.App. 634 at page 635; Higgins v. Smith, 346 Mo. 1044,144 S.W.2d 149; Section 3, Article V, Constitution of Missouri, 1945, Mo.R.S.A. Const., Art. V, § 3. The Supreme Court's jurisdiction must affirmatively appear from the record of the trial court. Higgins v. Smith, supra; City of Doniphan v. Cantley, 330 Mo. 639, 50 S.W.2d 658.
[17] We believe it can be readily seen the really contested ultimate issue is — are defendants-appellants (contingent remaindermen) to be entitled to all of the corpus of the trust remaining at the death of Julia? It is contended by defendants-respondents (contingent remaindermen) that they are to be entitled, as the trial court decreed, to half of such of the corpus of the trust as remains upon the death of Julia. So the disputed issue concerns no more than a fourth, and the judgment rendered upon the issue affects no more than a fourth of the personalty (of entire net value, $19,000) of the estate of testatrix; and half of the fifth interest in real property in Kentucky, which fifth interest in realty is subject to the widower's dower, and the value of which real property is not disclosed by the record (except as the statement of the rentals the whole property has produced may tend to show value). For the purpose of examining our jurisdictional question, we have assumed debts and costs of administration have been paid. But see Higgins v. Smith, supra. And we have further assumed the corpus of the trust will not be encroached upon during the life of Julia.
[18] In our case, the entire (net) estate of testatrix is not to be considered nor is the entire corpus of the trust estate to be considered the "amount in dispute." Compare Higgins v. Smith, supra; Fleischaker v. Fleischaker, 338 Mo. 797, 92 S.W.2d 169; Blankenship v. Ratcliff, 335 Mo. 387, 73 S.W.2d 183. Remainders in an approximate fourth of the personalty of the estate of testatrix and in half of the one-fifth interest of testatrix in realty subject to dower are in issue and are lost to defendants-appellants, or gained by defendants-respondents, should the trial court's decree be upheld. The record does not affirmatively show the value of a fourth of the personal estate plus the value of half of the realty subject to dower equal a sum in excess of $7500. The record does not affirmatively show the "amount in dispute," exclusive of costs, exceeds $7500. Fleischaker v. Fleischaker, supra; Blankenship v. Ratcliff, supra; Mathews v. Hughes, Mo.Sup., 232 S.W. 99. [Obviously, the judgment sought or rendered is not such as directly determines "title" (Section 3, Article V, Constitution of Missouri, 1945, supra; Nettleton Bank v. McGauhey's Estate, 318 Mo. 948, 2 S.W.2d 771) to real estate having a situs in Kentucky.]
[19] The cause should be transferred to the St. Louis Court of Appeals.
[20] It is so ordered.
[21] BRADLEY and DALTON, CC., concur.