Dorothy Delores PASTERNAK, Respondent,

v.

Frank MASHAK and Frank Mashak, Executor of the Last Will and Testament of Elizabeth Milanko, Deceased, Appellants.

No. 50335.

Supreme Court of Missouri,

Division No. 1.

Nov. 9, 1964.

Ralph E. Suddes, Mattoon, Ill., Sidney W. Horwitz, Dubinsky & Duggan, St. Louis, for plaintiff-respondent.

Frank Mashak, St. Louis, for appellants.

HOUSER, Commissioner.

This is a suit to contest a will. A jury found the instrument not to be the will of testatrix. Defendant, sole beneficiary,

appealed on the ground that the proof was insufficient to establish mental incapacity or undue influence and that the jury was improperly instructed on the law of the case.

Inquiry into the first concern of every court convinces us that we do not have appellate jurisdiction and that the case must be transferred to the appropriate court of appeals, for the following reasons.

We do not have jurisdiction on the ground that the title to real estate is involved for the reason that no real estate is listed in the inventory. Winn v. Matthews, Mo.Sup., 130 S.W.2d 484 [1].

We do not have jurisdiction on the ground that the amount in dispute, exclusive of costs, exceeds the sum of $15,000 because the record filed in this court does not affirmatively show with certainty that the amount in dispute, regardless of all contingencies, exceeds that sum.

The pleadings do not place any value on the estate. The petition alleges that testatrix died possessed of "a large amount of property," without stating how much. The answer is silent on the question. It is the "net value of the estate" that fixes jurisdiction on appeal from a judgment for will contestants, Gee v. Bess, Mo.Sup., 171 S.W.2d 672, but neither oral nor documentary evidence filed in this court affirmatively shows the net value of testatrix' estate after the payment of allowed and unallowed (if any) claims and expenses of administration incurred and to be incurred.

Appellant's jurisdictional statement recites that no claims were pending against the estate when this case was tried; that the assets then and at the time the appeal was taken were $21,751.65, "subject to inheritance taxes, balance of executor's fee and final probate costs" (the amounts not stated), and that the amount involved on this appeal is in excess of $15,000, but this mere recital does not prove itself and

does not confer appellate jurisdiction on this court. State ex rel. State Highway Comm. v. Schade, Mo.Sup., 265 S.W.2d 383. Jurisdiction must affirmatively appear from the record, Juden v. Houck, Mo.Sup., 228 S.W.2d 668, and cannot be grounded upon surmise, speculation or conjecture. Long v. Norwood Hills Corp., Mo.Sup., 360 S.W.2d 593.

A thorough search of the record and exhibits admitted in evidence, as filed in this court, shows that the time for the filing of claims has passed; that settlements have been filed and approved and that, according to the annual settlement filed December 20, 1962, there were "net cash assets" of $21,-751.65, but does not affirmatively show with certainty that $21,751.65 is the *net value of the estate*. There is nothing in this record to show what debts the estate owed; the amount of claims filed against the estate, allowed and paid; the amount of claims pending and unallowed, or allowed and unpaid; the amount of inheritance or other taxes owed; the amount of executor's fees still due and owing; the probate court costs; other unpaid expenses of administration, or other charges which may diminish the net cash assets prior to distribution. The record does not affirmatively show that nothing is due and owing on these items, or how much is owed thereon, or that they will not in toto reduce the net value of the estate to an amount less than the jurisdictional amount. In similar situations this court has ordered transfer of the cause to the courts of appeals, Aurien v. Security Nat. Bank Savings & Trust Co., Mo.Sup., 129 S.W.2d 1047 [1]; Whitworth v. Monahan's Estate, 339 Mo. 1123, 100 S.W.2d 460; Bostian v. Milens, 354 Mo. 153, 188 S.W.2d 945 [1]; Nies v. Stone, Mo.Sup., 108 S.W.2d 349; Smith v. Oliver, Mo.Sup., 148 S.W.2d 795; In re Ellis' Estate, Mo.Sup., 127 S.W.2d 441; Higgins v. Smith, 346 Mo. 1044, 144 S.W. 2d 149; or the court of appeals to which an appeal was taken has retained jurisdiction. Freeman v. DeHart, Mo.App., 303 S.W.2d 217 [2].

Examination of the record for other possible grounds of jurisdiction under Art. V, § 3, Constitution of Missouri, 1945, V.A. M.S., reveals no other ground for this court to exercise its power.

The cause is transferred to the St. Louis Court of Appeals.

WELBORN and HIGGINS, CC., concur.

PER CURIAM.

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

All of the Judges concur.