William MORETTI and Alberts Fuchs,
Plaintiffs-Appellants,

v.

William N. GUSTAFSON, Bellefontaine
Towers Holding Company, a Corporation,
Fontaine Woods, Inc., a Corporation, and
Richard Gillooly, Defendants-Respondents.

No. 53394

Supreme Court of Missouri,

Division No. 1.

Nov. 12, 1968.

Wm. J. Becker, Clayton, for appellants.

David G. Dempsey, Dempsey & Dempsey, Clayton, for defendants-respondents.

LAURANCE M. HYDE, Special Commissioner.

Plaintiffs are stockholders in two corporations, the Bellefontaine Towers Holding Company and Fontaine Woods, Inc., an operating company which conducted a nursing home in the building owned by the Holding Company. Plaintiffs each own 1500 shares in the Holding Company and 25 shares in the operating company. Defendant Gustafson owns 25,500 shares of the Holding Company and 1500 of its shares were held by others including Gustafson's son and daughter. The operating company issued 500 shares of which Gustafson held 445 shares. The par value of the stock was one dollar. Plaintiffs claim Gustafson paid nothing for the stock in either corporation and that it was issued to him without consideration in violation of Sec. 351.160, RSMo, V.A.M.S. The relief they seek is to have all stock certificates issued to Gustafson cancelled and that he be required to account and pay to the corporations such sums as may be found due to them. There was a second count seeking appointment of a receiver but the trial

judgment and appeal was on the first count only as authorized by Civil Rule 82.-06, V.A.M.R.

The trial court found for defendants, making findings of fact and stating conclusions of law against the claims of plaintiffs, and plaintiffs have appealed from the judgment entered. The question of our jurisdiction arises on this record and must first be considered. The parties claim we have jurisdiction because of the amount in dispute, which they say exceeds $15,000.00. Const., Art. V, Sec. 3, V.A.M.S., and Sec. 477.040, RSMo, V.A.M.S. However, they have different theories about this. Plaintiffs rely on financial statements of the corporations attached to the petition (and allegations in the receivership count which as noted was not involved in this case) showing operating deficits of the two corporations, each in amounts more than $15,000.00 but in neither count was any specific amount of recovery claimed or sought. Defendants' theory is thus stated: "The record shows that plaintiffs between them paid a total of $20,000.00 to purchase a 10% interest in the two corporations. It would thus appear that if 10% of the corporations' shares was worth $20,000.00, control of about 99% of their shares is worth far in excess of that sum and that therefore the amount in dispute between the parties exceeds the sum of $15,000.00."

■ The trouble with all this is there is no evidence of the value of the stock sought to be taken away from Gustafson either at the time of the trial or when the suit was commenced; and there is nothing to show any definite amount due from Gustafson to either corporation. The amount plaintiffs paid for the stock the year the corporation was organized does not show its value after it was unsuccessfully operated. The Holding Company owned a building which had been mortgaged up to $531,000.00. Its actual value does not appear. It is not shown what the operating corporation owned. There was evidence of over construction of nursing homes causing financial difficulties for many of them. There is no evidence that any dividends were ever paid on the stock or that it was worth what plaintiffs paid for it when they commenced this action in 1965 or what its actual value was at any time then or thereafter. Plaintiffs claim that both companies were insolvent; and the statements attached to plaintiffs' petition showing the financial condition of each corporation show liabilities greater than assets. Therefore it does not affirmatively appear from this record without conjecture or speculation that the amount in dispute herein is more than $15,000.00. In Nemours v. City of Clayton, 351 Mo. 317, 172 S.W.2d 937, 938, in which damage to residence property was claimed to be the result of traffic regulations of the city, we said: "The real amount in dispute determines appellate jurisdiction. * * * Plaintiffs had the burden on this issue of appellate jurisdiction." Furthermore, in Higgins v. Smith, Banc, 346 Mo. 1044, 144 S.W.2d 149, in which the value of an estate was claimed to give this court jurisdiction in a will contest, we noted: "There is no evidentiary showing of the value of the estate, of the amount of allowed demands not paid, outstanding unallowed demands, the reasonable expenses incurred or to be incurred, or whether there was any charge against testatrix's insurance." Because of failure to show the value involved, we held that jurisdiction of the Supreme Court did not affirmatively appear from the record. See also Pasternak v. Mashak, Mo.Sup., 383 S.W.2d 760, 761, where we said: "It is the 'net value of the estate' that fixes jurisdiction on appeal from a judgment for will contestants." All of these cases were transferred to the court of appeals.

■ Since the relief sought in this case is to cancel the stock certificates issued to Gustafson and for an accounting to determine what may be due to the corporations from him and the only basis for appellate jurisdiction is the amount in dispute, this amount "must be determined by the value in money of the relief to the

plaintiff, or of the loss to the defendant, should the relief be granted, or vice versa, should the relief be denied." Aufderheide v. Polar Wave Ice & Fuel Co., Banc, 319 Mo. 337, 370 (I), 4 S.W.2d 776, 793 (I). See also Baer v. Baer, Banc, 364 Mo. 1214, 274 S.W.2d 298; Molasky v. Lapin, Mo. Sup., 384 S.W.2d 613, a minority stockholder's action for an accounting. There being nothing in the record to affirmatively show the value of the relief sought we must hold that we do not have jurisdiction of this appeal.

The cause is transferred to the St. Louis Court of Appeals.

PER CURIAM.

The foregoing opinion by LAURANCE M. HYDE, Special Commissioner, is adopted as the opinion of the Court.

All of the Judges concur.