MRS. WILLIAM G. (EMMA ROSE) SLEYSTER v. EUGENE DONZELOT & SON and UNION INDEMNITY COMPANY, Appellants.—20 S. W. (2d) 69.

Division One, September 13, 1929.

*Leahy, Saunders & Walther* for appellants.

*Sears Lehmann* for respondent.

LINDSAY, C.—The controversy herein arose under the provisions of the Act of 1925 (Laws 1925, p. 375) known as the Workmen's Compensation Law. The respondent here is the widow, and was the sole dependent of her husband, William G. Sleyster, who died on the 25th day of January, 1927, as the result of accidental injuries sustained while in the course of his employment at the place of his employers, appellants, Eugene Donzolet and Son, in the city of St. Louis. At the time of his death and for more than a year prior thereto, the deceased has been an employee of appellants at a weekly wage of $57.69 per week, or $3,000 a year. The employers and the deceased at the time of his death were bound by the provisions of the act. The employers and insurer, and the respondent widow, disagreed as to the amount of compensation to be paid to her under the terms of the act. The question was presented to the Workmen's Compensation Commission by notice of disagreement, and request for a hearing. In such notice and request the disagreement is set out as follows:

"The employee's widow and dependent contends she is entitled to death benefit amounting to $11,538 plus medical and funeral benefit. Insurer contends that total death benefit amounts to the sum of $6,000 plus medical and burial benefit."

The respondent, in her claim filed with the Commission, asserted that she was "entitled to receive two-thirds of the average weekly salary of the deceased, multiplied by 300, payable in weekly installments of $20 per week, with no limitation as to the number of weeks the total benefit is to be paid." She also claimed "funeral benefit." The appellants by their answer before the Commission denied that the claimant was entitled to receive two-thirds of the average weekly salary of the deceased multiplied by 300 payable in weekly installments of $20, with no limitation as to the number of weeks, or a total of $11,502 plus; and, contended that under the law she was entitled to a total award of $6,000 computed upon the basis of sixty-six and two-thirds per cent of the average weekly earnings, with a maximum of $20 per week, multiplied by 300, plus

the maximum sum of $150 for burial expenses. The Commission, upon hearing, made the following award:

"For burial expenses, the sum of $150. For death benefits to Emma R. Sleyster, widow, the sum of $20 per week for 575 weeks. Until prior death or remarriage."

The award further provided:

"Each of said payments to begin as of January 25, 1927, and to be payable and to be subject to modification and review as provided in said act."

An appeal from the award was taken to the Circuit Court of the City of St. Louis by the employers and the insurer, the Union Indemnity Company, and the same was considered by the court upon the record made before the Commission. There was no dispute as to the facts. The circuit court found that the respondent "was entitled to compensation for burial expenses in the sum of $150; also death benefit in the sum of $20 per week for 575 weeks in the sum of $11,500, making in the aggregate the sum of $11,650" and adjudged that the finding of the Commission be approved and confirmed.

The appellants in their motion for a new trial complained that the judgment of the court was against the law and against the evidence, and against the law under the evidence; and averred that the court should have found that the claimant was entitled to compensation for the death of her husband in the sum of $20 per week for a period of 300 weeks, or the aggregate sum of $6,000, and averred also that the judgment of the court affirming the award of the Commission was excessive in allowing claimant for burial expenses the sum of $150, and for death benefits the sum of $20 per week for 575 weeks until prior death or remarriage, and that the court by its judgment should have allowed the claimant the sum of $150 for burial expenses, and the sum of $20 per week for 300 weeks until prior death or remarriage. The motion was overruled and appellants were allowed an appeal to this court.

The case calls for a construction of the terms of the act, particularly Section 21. By Subdivision 1 of that section it is provided that "on the death or remarriage of a widow, the death benefit shall cease unless there be other dependents entitled to any unpaid remainder of such death benefits under this act." There are no such here.

At the outset we are confronted with the question whether this court has jurisdiction of the appeal. No constitutional question is raised. The judgment is one for money, and to be satisfied by the payment of money. The courts of appeals have jurisdiction over appeals in all cases where the "amount in dispute," exclusive of

costs, shall not exceed the sum of $7,500. [Sec. 2418, R. S. 1919.] Neither party has raised the question of jurisdiction, but jurisdiction is not conferred by consent or mere silence of the parties upon that subject; and, it has been the rule that this court will examine the record and determine the question of its jurisdiction over the cause, although its jurisdiction is not questioned by either party. [Burns v. Prudential Insurance Co., 295 Mo. 680; State ex rel. Lamm v. Midstate Serum Co., 264 S. W. 878.]

In City of St. Joseph v. Georgetown Lodge, 8 S. W. (2d) 979, we said, l. c. 982:

"While neither party has questioned our jurisdiction herein, or raised such question by their briefs, nevertheless, we have repeatedly and uniformly held that jurisdiction cannot be conferred upon this court by the mere consent, acquiescence, or silence of the parties. [In re Tannory, 297 S. W. 967; State ex rel. v. Sims, 309 Mo. 18; Springfield Southwestern Ry. Co. v. Schweitzer, 246 Mo. 122; Vandeventer v. Bank, 232 Mo. 618.] We have likewise uniformly ruled that this court *sua sponte,* will raise the question of our jurisdiction, for the all-sufficient reason that no court should proceed to judgment in a cause or proceeding unless it has jurisdiction."

Citation of numerous cases was made in support of such ruling.

It is plain from the record that the amount in dispute here, is not the sum of $11,650 to be paid in installments of $20 per week for 575 weeks; but, that the amount in dispute here, is the difference between the sum allowed, and the sum which appellants all of the time have conceded should be allowed,—the difference between $11,650 and, $6150, or, $5500.

In State ex rel. Lingenfelder v. Lewis, 96 Mo. 146, it was said at page 148:

"The amount in dispute by which the jurisdiction of the appellate court is to be determined is not necessarily fixed by the amount of the judgment appealed from (State ex rel. v. Court of Appeals, 87 Mo. 569), nor by the amount claimed on the cause of action sued upon (Kerr v. Simmons, 82 Mo. 269), but by the amount that remains in dispute between the parties, on the appeal, and subject to determination by the appellate court of the legal questions raised on the record to ascertain which, the appellate court is not confined to an examination of the judgment only, or the pleadings in the case, but may look into the whole record."

In Pittsburg Bridge Co. v. St. Louis Transit Co., 205 Mo. 176, it was said, l. c. 179:

"In determining the amount in dispute we may look within the mere shell of the pleadings and judgment—the mere colorable amount in dispute—and seek out the real amount. [Vanderberg v. Gas Co.,

199 Mo. 455.] In that case it was said: 'Frequently the amount in dispute is materially affected by eliminating items and elements at the trial, and the record shows this. Would it not be an act sounding to folly for us to say that, for the purposes of jurisdiction on appeal, we must continue to consider such eliminated matters?' "

Further on in the opinion other cases are cited in support of the view that this court may, indeed, should look into the record, and ascertain the "real amount in dispute," and determine the question of appellate jurisdiction accordingly. What was said in Lingenfelder v. Lewis was quoted with approval.

Appellate jurisdiction in the instant proceeding is not in this court. Section 44 of the Act (Subdivision 4) provides:

"Appeal from the circuit court shall be allowed the same as in civil actions."

The amount in dispute determines the appellate jurisdiction. The cause is therefore transferred to the St. Louis Court of Appeals for determination. *Seddon* and *Ellison, CC.,* concur.

PER CURIAM:—The foregoing opinion by LINDSAY, C., is adopted as the opinion of the court. All of the judges concur.