Martin Burgstrand v. Crowe Coal Company, Employer, Consolidated Underwriters, Its Insurer, Appellants.—62 S. W. (2d) 406.

Division Two, June 24, 1933.*

*NOTE: Opinion filed at October Term, 1932, April 20, 1933; motion for rehearing filed; motion overruled at May Term, June 24, 1933.

*Cornelius Murphy, Jr.,* and *Silvers & Sheppard* for appellants.

*A. H. Carl* for respondent.

WESTHUES, C.—This is an appeal from a judgment of the Circuit Court of Barton County, Missouri, setting aside an award of the Workmen's Compensation Commission in favor of respondent and entering a new judgment for respondent and against appellants, Crowe Coal Company and Consolidated Underwriters, its insurer.

The Compensation Commission made an award allowing compensation for three hundred weeks, at $10.18 per week and thereafter $6 per week during the life of respondent. A credit was allowed of $1350, which had been paid by appellant Crowe Coal Company. Respondent lost the sight of both eyes through an accident arising out of and in the course of his employment. It was, therefore, a case of permanent total disability.

By the judgment of the circuit court, respondent was allowed $25.71 per week for three hundred weeks and thereafter $9.64 per week for life. In this judgment the $1350, admitted by respondent to have been paid, was not allowed as a credit. Respondent was forty-three years of age at the date of the accident. At the expiration of the weekly payments, October, 1935, respondent will be forty-nine years of age.

■ The question of our jurisdiction must be determined. Both appellants and respondent appealed to the circuit court from award made by the Compensation Commission. Appellants in their brief in this court ask that the judgment of the circuit court be reversed and the circuit court instructed to affirm the award of the Compensation Commission. The amount in dispute is, therefore, the difference between the award of the commission and the judgment of the circuit court. The question is, what is that difference? We find in appellants' reply brief the following computation of the amount in dispute, based on the age of respondent, the mortality tables as provided for in Chapter 23, Revised Statutes 1929, and the weekly allowances made by the award of the commission and the judgment of the circuit court:

"Award by Workmen's Compensation Commission

| | |
|---|---:|
| 300 weeks ;@ $10.18 per week | $ 3054.00 |
| $6.00 per week thereafter for life | |
| $6.00 x 52 = $312.00 x 10.823 | 3376.78 |
| | |
| "Total award by Commission | $ 6430.78 |
| Less amount paid thereon by Employer and Insurer | $ 1350.00 |
| | |
| "Total Balance due | $ 5080.78 |
| "Judgment by Circuit Court | |
| 300 weeks @ $25.71 per week | $ 7713.00 |
| $9.64 per week thereafter for life | |
| $9.64 x 52 = $501.28 x 10.823 | 5425.35 |
| | |
| "Total of Circuit Court Judgment | $13,138.35 |

"No credit was allowed by the Circuit Court for the $1,350.00 already paid by the employer and insurer.

"The difference in dispute is the difference between the Circuit Court judgment and the award of the Commission or $8,057.57."

■ ‧ The mortality tables have been recognized by our courts as a proper basis for awarding damages in the cases of death resulting from personal injuries sustained through negligence. [O'Donnell v. B. & O. Ry. Co., 324 Mo. 1097, 26 S. W. (2d) 1. c. 936 (22); Gill v. B. & O. Ry. Co., 259 S. W. 1. c. 97 (8-10), 302 Mo. 317; Hohlstein v. St. Louis Roofing Co., 328 Mo. 899, 42 S. W. (2d) 1. c. 575, 576 (2-5).] In the last case cited, a compensation case wherein compensation had been awarded in the form of weekly payments during the life of the injured party, this court denied jurisdiction of the appeal. The record in that case did not disclose the age of the injured party. Therefore, this court was without data to determine the amount in dispute. The same was true in Casebolt v. International Life Insurance Co. et. al., 38 S. W. (2d) 1044. The opinion in the latter case disposed of the jurisdictional question in the following language:

"It thus appears that the amount in dispute in this controversy is the difference between $17.60 per week and $15.40 per week for 300 weeks ($660) and the difference between $6.60 per week and $3.85 per week for life. The record nowhere discloses any data for determining the present value of a sum payable weekly during the remainder of respondent's life. As a prerequisite to the exercise of appellate jurisdiction by this court, the facts conferring the jurisdiction must affirmatively appear of record at the time the appeal is allowed by the circuit court. [Stuart v. Stuart, 320 Mo. 486, 8 S. W. (2d) 613.]"

The record in the case now before us contains the data for determining the present value of the sum payable weekly during the remainder of respondent's life. The difference in the award of the commission and the judgment of the circuit court appealed from can, therefore, be ascertained from the record. The amount in dispute, as determined from the record, is in excess of $7500. Therefore, this court has jurisdiction of the appeal. [State ex rel. v. Lewis, 96 Mo. 146, 1. c. 148, 8 S. W. 770; Sleyster v. Eugene Donzelot & Son, 323 Mo. 822, 20 S. W. (2d) 69; State ex rel. v. Reynolds, 245 Mo. 698, 151 S. W. 85.]

■ ■ The appellant, Crowe Coal Company, operated a strip coal mine in Barton County, Missouri. Respondent was employed as a shot firer. A premature explosion occurred, which caused respondent to be injured and resulted in a total loss of vision. The appellant, Consolidated Underwriters, was the insurer. It is conceded that respondent's injuries were due to an accident arising out of and in the course of his employment. The only differences between the parties, before the Compensation Commission, were over the weekly allowances to be made. The Compensation Commission ascertained

the weekly wages of respondent by multiplying the daily wage paid respondent, that is, the sum of $5.30, by two hundred and twenty-five working days and then dividing the result by fifty-two. On that basis the commission determined the weekly wages to be $22.93. Respondent contends that the commission erred in using as a basis two hundred and twenty-five working days; that it should have used three hundred days as provided. for in subdivision (d) of Section 3320, Revised Statutes 1929. Respondent further contends that the commission took into consideration subdivision (c) of Section 3320, which provides for a computation where the employee has not worked for the same employer for a full year immediately preceding the accident. Respondent in this case had been employed by appellant coal company for more than one year, but the employment was interrupted. Respondent had been injured, while at work, by an accident which resulted in a temporary total disability for which he received compensation. Therefore, if the commission computed respondent's compensation under subdivision (c) of Section 3320, it committed error. Respondent was entitled to the benefit of subdivision (b) of Section 3320, which provides that an unavoidable interruption in the employment shall not be charged against an employee. There was, however, substantial evidence to support the finding of the commission. There was a sharp dispute in the testimony as to the number of days respondent worked during each week. Respondent testified he worked at least six days a week and often on Sundays. The coal company offered evidence that the men working in the mines, including respondent, only worked four or five days a week, including extra work which was apportioned among all the employees. Under this evidence, the commission was authorized to use as a basis in computing the annual earnings of respondent the average number of days respondent was employed during the year, as provided for in subdivision (e) of Section 3320. This subdivision applies to employees employed in cases where it is the custom to operate for a part of the whole number of working days of the year. The section provides that such number of days, not less than two hundred, shall be used. in those cases as a basis for computing the annual earnings.

After the commission had ascertained the average earnings of respondent to be $22.93 per week it proceeded to award compensation under the provisions of Sections 3316 and 3317, Revised Statutes 1929. The commission made the following finding of fact and ruling of law which had a direct bearing upon the amount of compensation awarded:

"The evidence clearly shows that the employee had previously injured his right eye as a result of an accident arising out of and in the course of his employment with the above employer on January

2, 1929. The employee is therefore only entitled to two-thirds of that provided for a permanent total disability in other cases. Section 3317, Revised Statutes of Missouri, 1929.''

The part of Section 3317, which the commission applied to the case at hand, reads as follows:

''All cases of permanent disability where there has been a previous disability shall be compensated on the basis of the average annual earnings at the time of the last injury. If the condition resulting from the last injury is a permanent partial disability, there shall be deducted from the resulting condition the previous disability as it exists at the time of the last injury, and the compensation shall be paid for the difference. If the resulting condition be a permanent total disability, the compensation therefor shall be two-thirds of that for permanent total disability in other cases.''

It may be noted that the commission, by its finding of facts, found that respondent had previously received an injury to his right eye. It did not find that he had suffered the loss of sight. Neither did the commission find that there existed a previous disability at the time the last injury was received. The statute, in order to be invoked, requires that there shall be a previous disability. It would obviously be unfair to penalize a workman, who had been previously injured but had entirely recovered, by invoking the provisions of this statute. It is evident that the statute does not apply to those cases.

It is apparent that the purpose of the statute is to prevent duplication of compensation for injuries and disabilities. Note that where a previous disability exists the first provision of subdivision (a) of the section provides compensation on the basis of the earning power of the injured party at the time of the last injury. If, therefore, the earning power of a workman has been reduced by reason of a disability, compensation for a subsequent injury would automatically be reduced to the basis of the lesser earning power. So also the next provision of subdivision (a) provides that where the last injury results in a permanent partial disability the previous disability shall be deducted and compensation awarded for the difference. It, therefore, plainly appears that it was the intention of the Legislature that subdivision (a) of Section 3317, supra, should only be applied to those cases where a disability existed at the time of the last injury and that compensation for the last injury should be limited to the extent that it enhanced or added to the disability already existing.

We now come to the third provision of subdivision (a), which was applied by the Compensation Commission in determining ·compensation in this case. We desire to call special attention to its wording:

*"If the resulting condition be a permanent total disability* the compensation therefor shall be two-thirds of that for total permanent disability in other cases." [Italics ours.]

To invoke this provision of the statute the commission must find that the permanent total disability resulted from a combination of a previous disability and the last injury. If the disability, existing at the time the last injury was received, in no way aided in bringing about a permanent total disability the latter part of subdivision (a), now under discussion, should not be applied. Appellants cite the case of Goebel v. Missouri Candy Co., 50 S. W. (2d) 741, as authority to sustain the action of the Compensation Commission. The St. Louis Court of Appeals in that case correctly interpreted the statute. The facts in that case present an ideal situation for the application of the latter part of subdivision (a) of the statute. The claimant lost his left hand while at work. He had, through a previous accident, lost the use of his right hand. The commission found that the resulting condition was a total disability and awarded compensation on the basis of two-thirds of that for permanent total disability in other cases. The Court of Appeals sustained the award. However, in the case before us the commission did not find that a disability existed at the time the last injury was sustained. The evidence discloses that respondent's right eye was somewhat impaired by the previous accident. Respondent testified that he could see one-fourth of a mile with his right eye. There was no evidence that the result of the previous accident in any way aided in bringing about the resulting condition, that is, total loss of vision. The mere fact that respondent had previously injured his right eye, as the commission found, did not authorize the commission to award only two-thirds of the compensation provided for permanent total disability cases. If respondent's right eye had been rendered useless by the previous accident and the latter accident had caused blindness in the left eye it would have made a clear case to come within the provision of the statute. Let us take for example a man who had had a leg broken through an accident. Thereafter, though the leg was somewhat impaired, the impairment did not interfere with or prevent him from following his usual occupation. Later, through an accident, arising out of and in the course of his employment, he suffered the loss of both legs, should he be paid compensation for only two-thirds of that provided for permanent total disability? We think not. Such was not the intention of the Legislature. The purpose of this provision of subdivision (a) is to award compensation of two-thirds, provided for permanent total disability in other cases, in those cases where the last injury standing alone would not have resulted in total disability, except for the disability existing

prior to the last injury, as illustrated in the case of Goebel v. Mo. Candy Co., supra, 50 S. W. (2d) l. c. 743, 744 (5).

The commission, therefore, erred in a matter of law when it held that the previous injury to respondent's eye authorized the awarding of compensation for two-thirds of that for permanent total disability in other cases. The commission correctly awarded $6 per week, during the life of respondent, after the expiration of three hundred weeks. This was based on twenty-five per cent of respondent's average earning, not less, however, than $6 per week as provided for in Section 3316, Revised Statutes 1929.

We will not analyze the finding of facts and conclusions of law made by the circuit court. The circuit court should have remanded the case to the Compensation Commission. It had no authority to make a finding of facts and enter a judgment awarding compensation. [Schulz v. Great Atlantic & Pac. Tea Co., 331 Mo. 616, 56 S. W. (2d) l. c. 129; Russell v. Ely & Walker Dry Goods Co., 332 Mo. 645, 60 S. W. (2d) 44.

The judgment of the trial court is hereby reversed, the award of the Compensation Commission set aside and the cause remanded to the Compensation Commission for further proceedings not inconsistent with this opinion. *Cooley* and *Fitzsimmons, CC.*, concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.