MARTIN BURGSTRAND v. CROWE COAL COMPANY, Employer, CONSOLIDATED UNDERWRITERS, Insurer, Appellants.—77 S. W. (2d) 97.

Division Two, December 1, 1934.

120

*Cornelius Murphy, Jr.,* and *Silvers & Sheppard* for appellants.

*A. H. Carl* for appellee.

COOLEY, C.—This is the second appeal in this case. Our opinion on the first appeal is reported in Burgstrand v. Crowe Coal Co., 333 Mo. 43, 62 S. W. (2d) 406. The controversy originated before the Workmen's Compensation Commission. On the first appeal, we remanded the cause for further proceedings before the commission. Pursuant to our mandate the commission held another hearing, which we shall refer to as the second hearing, at which the record of its first hearing, including the evidence then taken, was introduced, together with some additional evidence and again made an award in favor of the plaintiff, respondent here, from which he appealed to the circuit court. That court set aside the findings and award of the commission and itself made a detailed finding of facts, set out the amounts that it determined should be awarded to the plaintiff and remanded the cause to the commission with directions to that body to award plaintiff compensation in accordance with the circuit court's findings. The employer and the insurer appealed.

The commission awarded plaintiff compensation at the rate of $10.18 per week for three hundred weeks and thereafter for life at $6 per week. Plaintiff's age was shown. Using the mortality tables provided by statute as a basis for computing the amount of the award after the expiration of the three hundred weeks the total award of the commission aggregated $6,430.78, from which was to be deducted $1,350 already paid. The amounts which the circuit court found and directed the commission to award aggregated $13,956, less the $1,350 already paid, leaving a balance of $12,606, which the court directed the commission to award. The difference between the amount awarded by the commission and the amount of the circuit court's judgment, from which this appeal was taken, was thus $7525.22,

giving this court appellate jurisdiction. [See Burgstrand v. Crowe Coal Co., supra.]

Appellant Crowe Coal Company operated a strip coal mine in Barton County where respondent was employed as a shot firer. Appellant Consolidated Underwriters was the employer's insurer. It is conceded that respondent's injuries were due to an accident arising out of and in the course of his employment and that he is now totally and permanently disabled. The only controversy before the commission was as to the weekly allowance to be made.

Respondent had suffered an injury to his right eye, with some other minor injuries, from a premature explosion of powder on January 2, 1929, while working for the same employer. Following that accident there was a hearing before the commission and evidence was taken, a transcript of which was introduced herein. After said hearing that claim was settled and appellants paid respondent $1567.28 in full discharge thereof. In September, 1929, respondent returned to work and again, on January 23, 1930, a premature explosion occurred which destroyed the vision of his left eye, and whatever vision he had left in the right eye after the first accident. The claim for compensation in this case grows out of the last injury.

The commission determined plaintiff's earnings by taking 225 as the number of days in the year he worked, at $5.30 per day. The daily wage is not in dispute. Plaintiff insists there was no substantial evidence to justify the commission's finding of 225 working days as the basis for computing his earnings and the weekly compensation to be awarded. There was evidence that the mine did not operate at all times throughout the year. We held on the former appeal that there was substantial evidence to support the commission's finding on this issue. The same evidence was before the commission on the second hearing. Indeed, it was agreed at the beginning of said second hearing "that the original award of the commission as to all matters except the application of the two-thirds compensation under Section 3317 stands, and that . . . this hearing shall go into the proposition only of the condition of the eye of the employee at the time of the last accident."

The evidence on this issue is reviewed in our former opinion and need not be again epitomized. On this hearing, notwithstanding the agreement above mentioned, plaintiff, by deposition, offered some additional evidence tending to show that he worked more than 225 days in the year. But since there was substantial evidence to sustain the commission's finding of 225 days, the additional testimony only raised a question of the preponderance of evidence,—a question which will be referred to later, with citation of authorities. This contention must be ruled against respondent.

On the first hearing of this claim the commission found that plaintiff had previously received an injury to his right eye but did not

find that he had suffered the loss of sight therein nor that there existed a previous disability at the time the last injury was received. Nevertheless the commission, in fixing the compensation, applied the third provision of subdivision (a) of Section 3317, Revised Statutes 1929 (12 Mo. Stat. Ann., p. 8253). Said subdivision (a) provides that cases of permanent disability where there has been a previous disability shall be compensated on the basis of the average annual earnings at the time of the last injury. Said third provision of the section reads: "If the resulting condition be a permanent total disability, the compensation therefor shall be two-thirds of that for permanent total disability in other cases." We held on the former appeal that the commission had erred in applying said third provision because there was no finding that the permanent total disability had resulted from a combination of a previous disability and the last injury, and for that reason we remanded the cause. See Burgstrand v. Crowe Coal Co., supra, where the question is fully discussed.

At the second hearing, the one here involved, the commission took further evidence as to the condition of plaintiff's right eye resulting from the first accident. As above stated a transcript of the evidence offered at the hearing following the first accident was also introduced. The commission then made a complete finding of facts based upon all the evidence taken. After stating facts found which are not in dispute, it stated its finding on the point now under consideration as follows: "We find from the evidence that on January 2, 1929, employee sustained an accidental injury and as a result of said accident he became industrially blind in his right eye, and that said blindness existed when employee sustained the second accident on January 23, 1930. We further find that the employee's permanent total disability resulted from a combination of the disability existing as a result of the accident of January 2, 1929, and the injury of January 23, 1930. Therefore, employee's compensation for the permanent total disability shall be two-thirds of that for total permanent disability in other cases."

Respondent contends that there was no substantial evidence to support this finding of the commission and the award based thereon, a contention upheld by the circuit court. This contention requires an examination of the evidence bearing on this issue.

Plaintiff was treated for both injuries by Dr. H. L. Steele, an eye specialist whose qualifications are admitted. Dr. Steele testified as a witness for plaintiff on the hearing before the commission for compensation for the first accident, which hearing was held about April 25, 1929. On said hearing following the first accident he testified to the nature and extent of the injury to plaintiff's right eye, his treatments and tests he had made of plaintiff's vision and said in substance that in his opinion plaintiff had suffered a ninety per cent

loss of vision in the right eye as a result of the first injury; that the eye was of no industrial use; and that said loss of sight was permanent. Plaintiff himself at that hearing testified that he could see "very little" out of his right eye.

At the hearing of the instant claim Dr. Steele was not used as a witness by the plaintiff, but was called by defendants. He testified substantially as he had at the hearing of April 25, 1929, relative to the first injury and its effect on plaintiff's right eye, but in greater detail, and also testified as to the second injury and his treatment thereof. He again testified that as a result of the first injury plaintiff had corneal ulcers in the right eye, and that a permanent scar had formed over the pupil of that eye, which conditions existed at the time of the second injury; that, in his opinion, plaintiff, as a result of the first injury, was left permanently "for all industrial purposes, blind in that eye."

Other eye specialists, whose qualifications were either admitted or proved, said, in answer to hypothetical questions predicated upon the existence of the ulcers and scar and other facts testified to by Dr. Steele as revealed by his treatments and examinations, that in their opinions plaintiff was left permanently blind in the right eye for industrial purposes as a result of the first injury.

█ The evidence outlined above cannot be held unsubstantial. Dr. Steele had treated plaintiff for both injuries. He knew and described the condition of plaintiff's right eye resulting from the first injury and had tested his vision. Other eye specialists corroborated his opinion that the conditions described by him would cause and had caused a practically complete and permanent loss of vision for industrial purposes in plaintiff's right eye. It is true plaintiff's own testimony and other evidence introduced by him tended to show that he had much better vision in his right eye at the time of the second injury than indicated by Dr. Steele's testimony or by his own testimony given at the hearing following the first injury. But the *weight* of conflicting evidence is for the determination of the commission. If the finding of facts by that body is supported by substantial evidence it is conclusive and binding on reviewing courts. [Sec. 3342, R. S. 1929, 12 Mo. Stat. Ann., p. 8275; Leilich v. Chevrolet Motor Co., 328 Mo. 112, 120, 40 S. W. (2d) 601, 604 (4, 5); Doughton v. Marland Refining Co., 331 Mo. 280, 290, 53 S. W. (2d) 236, 241; Gillick v. Fruin-Colnon Const. Co., 334 Mo. 135, 65 S. W. (2d) 927; Jackson v. Curtiss-Wright Airplane Co., 334 Mo. 805, 68 S. W. (2d) 715, 719.] And in determining whether or not there is substantial evidence to sustain the award of the commission reviewing courts will consider only the evidence favorable in support of such award. [Probst v. St. Louis Basket & Box Co. (Mo. App.), 52 S. W. (2d) 501; Sweeny v. Sweeny Tire Stores Co., 227 Mo. App. 93, 49 S. W. (2d) 205; Vollet v. Federal Brilliant Sign Co. (Mo.

App.), 49 S. W. (2d) 201. See, also, Leilich v. Chevrolet Motor Co., supra.]

Under our opinion on the former appeal the facts found by the commission on the second hearing make a case coming within the provision of the statute (the third provision of subdivision (a) of Sec. 3317), which the commission applied. The commission's finding is supported by substantial evidence, therefore binding upon the circuit court and upon this court.

The foregoing disposes of the only questions presented on this appeal. As we said on the first appeal "we will not analyze the finding of facts and conclusions of law made by the circuit court. . . . It had no authority to make a finding of facts and enter a judgment awarding compensation," or to direct the commission to make an award in accordance with the court's findings. Since the award of the commission is supported by substantial evidence and does not appear to be invalid on other grounds it should have been affirmed by the circuit court. The judgment of the circuit court is therefore reversed and the cause is remanded to that court with directions to enter judgment affirming the award of the Workmen's Compensation Commission. *Westhues, C.,* concurs; *Bohling, C.,* not sitting.

PER CURIAM:—The foregoing opinion by COOLEY, C., is adopted as the opinion of the court. All the judges concur.