John J. KOMOSA, Employee, Appellant,

v.

MONSANTO CHEMICAL COMPANY, Employer,

and

Liberty Mutual Insurance Company, Insurer, Respondents.

No. 29413.

St. Louis Court of Appeals.

Missouri.

Feb. 21, 1956.

Paul H. Koenig, Thomas L. Sullivan, St. Louis, for appellant.

James E. Garstang, Jr., C. Lawrence Mueller, St. Louis, for respondents.

NICK T. CAVE, Special Judge.

This is a proceeding under the Workmen's Compensation Act, Chapter 287 RS Mo 1949, V.A.M.S. The employee filed a claim for compensation as the result of an injury received July 17, 1950, while employed by the chemical company. A hearing was held before a referee of the Industrial Commission, who, among other things, made the following findings: "I find from all of the evidence that John Joseph Komosa, employee herein, on the 17th day of July, 1950, sustained an accident arising out of and in the course of his employment with Monsanto Chemical Company resulting in permanent partial disability of his body as a whole. I further find that at the time of said accidental injury on July 17, 1950, said employee had a previously existing permanent partial disability of 30 per cent of his left leg at the knee. I further find in computing compensation due employee under Section 287.220, Revised Statutes of Missouri, 1949, V.A.M.S., the condition resulting from said accidental injury of July 17, 1950, to be 33⅓ per cent permanent partial disability of employee's body as a whole. After deducting from said *resulting condition* (133⅓ weeks of

compensation) the previous disability *as it existed at the time of said accidental injury of July 17, 1950* (48 weeks of compensation), I find the amount to be paid employee to be 85⅓ weeks of compensation". Other jurisdictional and factual findings are not called in question and need not be recited.

All italics in this opinion are supplied.

■ Employee filed application for review before the commission, which affirmed the findings and award of the referee. An appeal was perfected to the circuit court and the award of the commission was affirmed. Employee perfected his appeal to this court. The amount involved is less than $7,500, and this court has jurisdiction. Section 3, Article V, Constitution, V.A.M.S.

■ The employee (appellant) presents but one alleged error in the award, to the effect that the commission erred in making any deduction from the compensation due him as the result of the injury to his back, because of the prior injury to his knee. The limited question presented makes it unnecessary to review in detail the testimony other than to say that there was substantial evidence to support the findings that the employee sustained an accidental injury to his back on July 17, 1950, resulting in permanent partial disability of his body as a whole; that previously the employee had suffered an accidental injury resulting in permanent partial disability of his left leg at the knee, for which he was allowed compensation; and that the disability of his knee was 30 per cent *at the time of the second injury*. There is no question raised concerning the percentages of disability or of the number of weeks involved as found by the commission and we need not discuss the basis of such findings.

The question for decision is whether the commission made a proper deduction for the prior injury. This requires a construction of Section 287.220, the material part of which reads: "(1) All cases of permanent disability where there has been previous disability shall be compensated as herein pro-

vided. Compensation shall be computed on the basis of the average annual earnings at the time of the last injury. If the *condition resulting* from the last injury is a *permanent partial disability*, there shall be deducted from the *resulting condition* the previous disability *as it exists at the time of the last injury*, and the compensation shall be paid for the difference. If the previous disability, and the last injury together result in *total* and *permanent disability*, the employer at the time of the last injury shall be liable only for the last injury considered alone and of itself: * * *".

There is no contention that the employee suffered a *"total and permanent disability"*, and we are not concerned with that feature of the statute. The injury to the knee and the injury to the back each caused a *permanent partial disability*, and we must consider the provisions of the section relating to such a state of facts.

■ As noted supra, the commission found that the disability of the knee was 30 per cent *at the time of the last injury*. The applicable part of the section provides: "If the *condition resulting* from the last injury is a *permanent partial disability*, there shall be deducted from the *resulting condition* the previous disability as it exists at the time of the last injury, * * *". This portion of the section is applicable only when the commission finds that the last injury caused "a *permanent partial disability*", and that some disability remains as a result of a prior injury. The section then provides that after such a finding, "there shall be deducted from the *resulting condition* the previous disability as it exists at the time of the last injury, * * *". What is meant by the words *"resulting condition"*? We think those words mean the resulting disability of the body as a whole because of both injuries. The injury of the back might not have been so disabling but for the knee condition. In fact, the evidence so indicates. The employee was not a whole man or physically sound at the time of the last injury, because of the remaining disability of the prior injury, and that fact must be taken into consideration in making

the award. The effect of the finding is that the last injury caused a 33⅓ per cent permanent partial disability of the *body as a whole*, considering the condition of the body as it was at that time, afflicted with the residue of the disability from the prior injury.

■ However, the employee takes a contrary view and argues that the findings, as written, mean that the last accident resulted in a 33⅓ per cent disability without considering any disability of the knee existing at the time of the last injury; and that he should be paid compensation for 133⅓ weeks. We think he misconstrues the findings when they are read and construed as a whole. The findings might have been more explicit, but the result would be the same, since there is no dispute about the percentages used.

■ In construing this statute it has been said: "It is apparent that the purpose of the statute is to prevent duplication of compensation for injuries and disabilities. * * * It therefore plainly appears that it was the intention of the Legislature that subdivision (a) of section 3317, supra, [now Section 287.220] should only be applied to those cases where a disability existed at the time of the last injury *and that compensation for the last injury should be limited to the extent that it enhanced or added to the disability already existing.*" Burgstrand v. Crowe Coal Co., 333 Mo. 43, 62 S.W.2d 406, 408. That language is especially applicable in the present case because the employee had been compensated for his first injury on the theory that it was a permanent partial disability, and he had not completely recovered at the time of the last injury. Consequently, he is not entitled to recover a second time for the disability remaining at the time of the second injury.

The employee stresses the holding in Chapman v. Raftery, Mo.App., 174 S.W.2d 352, 354. In that case the employee had suffered *multiple injuries resulting from the same accident*. The employer contended that *each separate injury* should be rated according to the provisions of what is now Section 287.190. Under the facts in that case, this court properly held "that where there are *combined* or *multiple* injuries *resulting from one and the same accident,* the compensable period is not necessarily to be fixed with regard for the relation which each and every one of such multiple injuries may bear to some one of the specific injuries mentioned in the statutory schedule, but that instead the commission, in such a case, may properly fix the period in its relation to the maximum period of 400 weeks, considered from the standpoint of the percentage of disability in the normal functions of the injured man himself. In other words, Section 3705 [now Section 287.190] does not contemplate two or more periods of compensation in a case such as this, *where all the injuries result from one accident,* but on the contrary provides for but a single period of compensation, which shall not exceed 400 weeks." It is apparent that the issues and the statute under consideration in that case make it inapplicable to the question presented in the instant case.

We are of the opinion that the employee's compensation for the last injury should be, and was, limited to the extent that it enhanced or added to his "disability already existing". Burgstrand v. Crowe Coal Co., supra. The findings and award of the commission accomplish that result.

■ Under Point III, employee makes the statement, "Interest runs on the compensation payments from the date due until paid". No specification of error is assigned explanatory of this point. It is a mere conclusion. Such a general statement presents nothing for review on appeal. Ambrose v. M. F. A. Co-Operative Association of St. Elizabeth, Mo., 266 S.W.2d 647.

Finding no reversible error, the judgment of the circuit court is affirmed.

ANDERSON, P. J., and GEORGE P. ADAMS, Special Judge, concur.