Frank BUSKUEHL, Employee–
Respondent,

v.

THE DOE RUN COMPANY,
Employer–Appellant,

and

Treasurer of Missouri as Custodian
of the Second Injury Fund,
Respondent.

No. ED 78902.

Missouri Court of Appeals,
Eastern District,
Division Four.

Dec. 18, 2001.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 4, 2002.

Application for Transfer Denied
March 19, 2002.

**538**

Robin E. Fulton, Fredericktown, MO, for appellant.

Robert J. Keefe, Barbara Toepke, St. Louis, MO, for respondents.

LAWRENCE E. MOONEY, Judge.

The employer, The Doe Run Company, appeals the Labor and Industrial Relations Commission's disability award to its employee, Frank Buskeuhl, contending that the Commission erred: (1) in increasing the Administrative Law Judge's (ALJ) award as to the employee's wrists without issuing sufficient findings of fact or conclusions of law to allow for meaningful review; (2) in failing to deduct a pre-existing wrist injury from the current award; (3) in entering an award as to the elbows unsupported by competent and substantial evidence; (4) in increasing the award as to the wrists against the overwhelming weight of the evidence and without a request by the employee; and (5) in failing to deduct the award as to the wrists from the award as to the elbows.[1] Because we find the Commission's findings of fact and conclusions of law sufficient and not in error, and that the award was supported by competent and substantial evidence and not against the overwhelming weight of the evidence, we affirm.[2]

*Statement of Facts*

In August 1995, the employee, a laborer whose duties included shoveling and jackhammering, was diagnosed with work-related bilateral carpal tunnel syndrome. Dr. John Wagner, a board-certified orthopedic surgeon, recommended and performed a carpal tunnel release of both employee's hands. Following the surgeries, the condition of his hands and certain fingers improved somewhat, but the surgery did not relieve the symptoms running up his arms, through his elbows and towards his shoulders. In addition, the employee continued to experience pain at his elbows "all the time," which was worse when he tried to pick up or grip things, and continued to have a burning sensation at the elbows.

According to the employee's expert, Dr. David Volarich, who testified by deposition, the employee suffered a 35% permanent partial disability of both the right and left upper extremities at the wrists due to carpal tunnel syndrome, and a 20% permanent partial disability of the right and left upper extremities at the elbow due to cubital tunnel syndrome. In addition, Dr. Volarich assessed a 20% percent loading factor due to the combination of injuries to both upper extremities. However, the employer's expert, Dr. Wagner, who also testified by deposition, assessed the employee's permanent partial disability due to the carpal tunnel syndrome at 2.5% of each upper extremity at the wrists.

---

**1.** At the outset, we note that the employer incorrectly sets forth unrelated allegations of error within a single point relied on. *See* Rule 84.04(d). We, therefore, have renumbered the employer's allegations of error by properly separating its subpoints. Further, although the employer's second and third original points relied on both complained of a failure to deduct a pre-existing wrist injury, we consider the claims together. We further note that the Second Injury Fund is not a party to the appeal.

**2.** The employer's motion for leave to file a supplemental legal file is granted.

At the hearing, the employee and Second Injury Fund stipulated that the employee had a pre-existing injury of fifteen percent to his right wrist. The ALJ assessed a permanent partial disability of each wrist at 15%, and of each elbow at 10%. The ALJ also awarded a loading factor of 15%. Thus, the employee was awarded a total disability from employer of 108.675 weeks, or $27,960.99.

The employer appealed the ALJ's award to the Commission; the employee did not appeal. The Commission adopted the ALJ's decision, but modified its findings by concluding that the employee had a permanent partial disability of 25% of each wrist, rather than the 15% assessed by the ALJ. The Commission also applied a 25% loading factor, increased from the ALJ's 15% assessment, because the employee suffered disability to multiple body parts. The Commission further affirmed the ALJ's assessment of 10% permanent partial disability of both elbows. Thus, after modification, the employee was awarded a total disability from employer of 151.38 weeks, or $38,948.56. The employer filed this appeal.

*Analysis*

Appellate review of the Commission's decisions of unemployment compensation benefits is governed by section 288.210 RSMo.2000,[3] which provides in pertinent part:

The findings of the commission as to facts, if supported by competent and substantial evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the appellate court shall be confined to questions of law. The court, on appeal, may modify, reverse, remand for rehearing, or set aside the decision of the commission on the following grounds and no other:

(1) That the commission acted without or in excess of its powers;

(2) That the decision was procured by fraud;

(3) That the facts found by the commission do not support the award; or

(4) That there was no sufficient competent evidence in the record to warrant the making of the award.

■■■ Further, our review of the Commission's decision is subject to the standard of review set forth in *Davis v. Research Medical Center,* 903 S.W.2d 557, 565 (Mo.App.W.D.1995):

The court applies a two-step process designed to determine whether the Commission could have reasonably made its findings and award upon consideration of all the evidence before it. In the first step, the court examines the whole record, viewing the evidence and all reasonable inferences drawn therefrom in the light most favorable to the award, to determine if the record contains sufficient, competent and substantial evidence supporting the award. If not, the Commission's award must be reversed. If there is competent and substantial evidence supporting the award, the court moves to the second step, where it views the evidence in the light most favorable to the award, but must consider all evidence in the record, including that which opposes or is unfavorable to the award, take account of the overall effect of all of the evidence, and determine whether the award is against the overwhelming weight of the evidence. In doing so, it takes into consideration the credibility determinations of the Commission and, if those determinations as to witnesses who gave live testimony before the ALJ are different than

---

**3.** All further statutory references are to RSMo.2000 unless otherwise indicated.

those made by the ALJ, it also considers the ALJ's credibility findings as well as the reasons, if any are given, why the Commission differed with those findings. Findings and awards of the Commission which are clearly the application of the law, as distinguished from a determination of facts, are not binding on the court and fall within the court's province of independent review and correction where erroneous.

With this standard of review in mind, we turn to the employer's allegations of error on appeal.

■ In the employer's first point, it claims the Commission erred by increasing the ALJ's permanent partial disability award as to the wrists because the Commission did not include findings of fact or conclusions of law in support of its modifications, precluding meaningful appellate review, in violation of section 286.090. We disagree.

Section 286.090 requires the Commission to make findings of fact and conclusions of law or to affirm or to adopt the ALJ's decision. In its final award, the Commission specifically stated that, pursuant to section 286.090, it adopted the findings, conclusions, decision, and award of the ALJ to the extent not inconsistent with its own findings, conclusions, decision and modifications. The Commission specifically noted its disagreement with ALJ's assessment of permanent partial disability of the wrists, and found that, considering the medical evidence presented before the ALJ, the permanent partial disability awarded should be increased from 15% to 25%. The medical evidence before the ALJ included Employee's continuing complaints, a nerve conduction study, Dr. Wagner's testimony, and Dr. Volarich's rating of 35% permanent partial disability of the wrists.

■ The percentage of disability is itself a finding of fact. *Bradshaw v. Brown Shoe Co.*, 660 S.W.2d 390, 392 (Mo. App. S.D.1983). The Commission is not bound by the percentage estimates of medical experts and considers all the evidence in arriving at the percentage. *Malcom v. La-Z-Boy Midwest Chair Co.*, 618 S.W.2d 725, 728 (Mo.App. S.D.1981). When the Commission believes that the ratings of the physicians are too conservative it has the power to increase the rating by an appropriate amount. *Wiedower v. ACF Indus., Inc.*, 657 S.W.2d 71, 74 (Mo.App. E.D.1983).

■ Although the Commission could have better elucidated its reasoning in arriving at its finding, the employer failed to ask for any clarification of its finding or any additional findings of fact. Such a request must be made if either party feels that the findings are inadequate and the request cannot be made for the first time on appeal. *Ludwig v. Columbia Brewing Co.*, 225 S.W.2d 489, 492 (Mo.App. E.D. 1949). Moreover, our Supreme Court has stated in *State ex rel. Probst v. Haid*, 333 Mo. 390, 62 S.W.2d 869, 873 (1933):

> Undoubtedly, if any party feels that the commission's findings of fact are not clear, leave the reason for its conclusion and award in doubt, or should be amplified for any other reason, he should ask the commission to modify them by making additional findings instead of complaining in the appellate court that findings of fact, which are not inconsistent with the result reached, do not contain a finding concerning all disputed questions of fact which must necessarily have been decided in order to make and support the award.

Therefore, the Commission did follow the mandate of section 286.090 and issued sufficient findings of fact and conclusions of law to support its modification of the

permanent partial disability award as to the wrists from 15% to 25% and the award is amenable to meaningful appellate review. Point denied.

■■■ In its second claim on appeal, the Employer asserts that the Commission erred in calculating its right wrist award, which should have been diminished due to employee's pre-existing disability. We find that such claim was not properly raised before the Commission and is therefore not preserved. Questions that might have been presented to the Commission to establish a case or defense cannot be litigated on appeal from the Commission's award where a party neglects to first present and litigate them before the Commission. *Long v. City of Hannibal*, 670 S.W.2d 567, 570 (Mo.App. E.D.1984).

■■■ For its third claim, the Employer avers there is no competent and substantial evidence to support the Commission's award of disability to both elbows. Here, the employer challenges the Commission's analysis under the first step of the *Davis* test, in which the court must examine the whole record, viewing the evidence and all reasonable inferences drawn therefrom in the light most favorable to the award, to determine if the record contains sufficient, competent and substantial evidence supporting the award. After reviewing the whole record, we find sufficient, competent and substantial evidence supporting the Commission's award.

The employee himself testified that although the carpal tunnel surgeries helped to improve somewhat the condition of his hands and certain fingers, it did not relieve the symptoms running up his arms, through his elbows and towards his shoulders. The employee further testified that even after completing his treatment for the carpal tunnel, he still experienced pain at his elbows "all the time" since 1994. And such pain was worse when he tried to pick up or grip things. Moreover, the employee stated that he has continued to have a burning sensation at the elbows even following the surgery, which he brought to Dr. Wagner's attention.

In addition, the record details Dr. Wagner's and Dr. Volarich's deposition testimony that the elbow pain experienced by the employee is related to overuse at work. Further, Dr. Volarich rated the employee's permanent partial disability at 20% of the right and left upper extremities at the elbow due to cubital tunnel syndrome and assessed a 20% percent loading factor due to the combination of injuries to both upper extremities. Given such testimony, we find the Commission's award of 10% disability to both elbows was supported by sufficient, competent and substantial evidence.

■■■ For its fourth claim of error, the Employer contends that the Commission's disability award increase as to the employee's wrists was against the overwhelming weight of the evidence, including the employee's own request to the ALJ. Under the second step of the *Davis* analysis, after determining there to be substantial and competent evidence to support the wrist award, we must next determine whether, considering all the evidence in the record in the light most favorable to the award, such award is against the overwhelming weight of the evidence. Here the employer makes no claim that the award as to the wrists was unsupported by substantial and competent evidence.

The employee testified that the pain from his elbows through his fingers, including his wrists, was continuous even after carpal tunnel surgery and treatment. At the time of the ALJ hearing, the employee testified that he was still having a lot of pain in his wrists. Moreover, Dr. Volarich assessed the employee's perma-

nent partial disability at both wrists at 35% due to carpal tunnel syndrome and assessed a 20% percent loading factor due to the combination of injuries to both upper extremities. Because neither Dr. Volarich nor Dr. Wagner appeared before the ALJ to provide live testimony, "the Commission could determine their credibility from the written record equally as well as" the ALJ. *Davis*, 903 S.W.2d at 573, *citing Frazier v. National Bearing Div.*, 250 S.W.2d 1008, 1011 (Mo.1952). We, therefore, defer to the Commission's assessment of disability and disregard the assessment of the ALJ. Given the deference we must accord such findings, and upon review of the whole record, we find that the Commission's permanent partial disability award of 25% of the wrists is not against the overwhelming weight of the evidence.

We further reject the employer's argument that the Commission's permanent partial disability award of 25 % of both wrists is against the overwhelming weight of the evidence given employee's own request in his post-trial brief to the ALJ of only a 20% award. The employer concedes that an argument by the employee's attorney for a specific award is not evidence. Because such argument is not evidence, it cannot, under the second step of the *Davis* analysis, be weighed in opposition to the evidence in support of this award.[4]

We also reject the employer's complaint that the Commission's award is against the overwhelming weight of the evidence because the employee did not file an appeal of the ALJ's award. This complaint is nowhere to be found in the employer's point relied on, and is therefore not preserved for our review. Rule 84.04(d)(2). Point denied.

In its final point, the employer contends the Commission erred as a matter of law in failing to deduct the award as to the wrists from its award as to the employee's elbows. We disagree.

In essence, the employer's contention is that the method used in determining the amount of the award was contrary to the law.

"[A]wards of the commission 'which are clearly the interpretation or application of the law, as distinguished from a determination of facts, are not binding upon us and fall within our province of review and correction. And where the finding of ultimate fact is reached by the application of rules of law instead of by a process of natural reasoning from facts alone, it is a conclusion of law and subject to our reversal.'"

*Davis*, 903 S.W.2d at 560–561, *quoting Williams v. Anderson Air Activities*, 319 S.W.2d 61, 65 (Mo.App. S.D.1958). However, we do not find the award's calculation here to be dictated by application of the rules of law. The employer cites to no statute mandating such deduction. Although the employer cites to several cases, *Ludwig*, 225 S.W.2d 489; *Carenza v. Vulcan–Cincinnati, Inc.*, 368 S.W.2d 507 (Mo. App. E.D.1963); *Komosa v. Monsanto Chemical Co.*, 287 S.W.2d 374 (Mo.App. E.D.1956), we do not interpret these decisions as mandating a method of calculation.[5] Although this court affirmed the

---

4. We also note the suggestion of a 20% award was in a post-trial brief to the ALJ. On appeal to the Commission, the employee's attorney argued for a 25% permanent partial disability award of both wrists, which was awarded by the Commission.

5. The employer proposes that the Commission deduct the weeks attributable to a further part of an extremity from the weeks attributable to a nearer part of an extremity, and then multiply that result by the percentage of disability of the further part of an extremity in calculating the award for such further part. This

Commission in the cases cited above, such affirmance does not mean that we cannot also affirm the calculation method used here by the Commission. Here, the ALJ specifically found from all of the evidence, and as a result of an ulnar neuritis causally related to overuse at work, there should be no diminution of the disability at the elbow by reason of the disability at the wrists. In so finding, the ALJ was engaging in a process of natural reasoning from the facts alone. As such, his finding, adopted by the Commission, is entitled to our deference. The Commission has discretion as to the amount of the award and how it is to be calculated. *Sapienza v. Deaconess Hosp.*, 738 S.W.2d 149, 151 (Mo.App. E.D. 1987). It is the duty of the Commission to "weigh that evidence as well as all the other testimony and reach its *own* conclusion as to the percentage of disability suffered." *Sapienza*, 738 S.W.2d at 151, *citing Franklin v. St. Louis Indep. Packing Co.*, 360 S.W.2d 350, 355 (Mo.App. E.D. 1962) (emphasis added in *Sapienza*). Point denied.

The judgment is affirmed.

SHERRI B. SULLIVAN, P.J., and LAWRENCE G. CRAHAN, J., concur.

method of calculation can sometimes have anomalous results. For example, if a man suffered the loss of five amputated fingers in an industrial accident, he could not recover any additional disability whatever the injury to the wrist, forearm or upper arm from the same accident because the number of weeks attributable to the fingers, once subtracted from the hand or arm, would result in a negative number of weeks attributable to the hand or arm.