Anthony Rex Gabbert, Judge
Appellants Harley-Davidson Motor Company ("Employer") and American Casualty Company ("Insurer") appeal the final award of the Labor and Industrial Relations Commission ("the Commission") in favor of Respondent Kenneth Jones for work-related injury. They raise two points on appeal. First, Appellants argue the Commission erred, because Jones failed to provide timely written notice of his lower back injury, pursuant to Section 287.420, RSMo 2005. Second, they argue the Commission erred by failing to make specific factual findings of its own and by failing to support its factual findings with an evidentiary basis. Affirmed.
Background
On July 13, 2011, Jones submitted to Employer a report of injury for an accident he suffered that day while assembling motorcycle parts. In the report, Jones provided the following description of the incident: "Trying to unstick pinch bolt, [pneumatic] gun stopped, elbow didn't. The force actually tripped the gun, and Frank had to back the bolt out manually, to tap the hole." Jones testified the gun "just jerked," twisting from the right to the left of his body while Jones held the gun with both hands.
Jones checked the box indicating injury to his "Arm/Shoulders" and specified stinging fingers and "sharp" and "radiating" pain from his right elbow, which he had also injured in 2010. That same day, Employer sent Jones to Dr. Gil Wright, who diagnosed Jones with a right elbow sprain. Jones was fitted with a sling and given significant work restrictions. Jones's care was then transferred to Dr. Paul Nassab at Drisko, Fee & Parkins.
The next day, Jones experienced back pain that would intensify over the coming weeks. On Sept 26, 2011, Jones mentioned his back pain to Dr. Nassab, who then referred Jones to Nassab's partner, orthopedic surgeon Dr. Robert Drisko. On September 27, 2011, the back pain became intolerable, and Jones admitted himself to emergency care. On October 4, 2011, Jones saw Dr. Drisko, who diagnosed Jones with spondylolisthesis, a condition marked by instability in the back. While the spondylolisthesis was a pre-existing condition, Dr. Drisko believed Jones's July 13, 2011 injury was a torque injury that was the prevailing factor in his present medical condition. This October appointment marks the first time Jones believed his low back pain was related to his workplace accident. Dr. Drisko advised Jones to notify Employer of the extent of his injuries. Jones immediately contacted Employer's health department and notified them of Dr. Drisko's diagnosis. The health department informed Jones he was not to complete a new injury report and, instead, instructed him to contact the insurance adjuster. Though Employer refused Jones's request for low back treatment, Jones continued treatment with Dr. Drisko.
On December 2, 2011, Jones submitted a claim for compensation with the Division of Workers' Compensation. The claim indicated *331 injury to Jones's "back and body as a whole" and provided the following description of the accident: "Employee was using an pneumatic drill approximate [sic] 2 ½ to 3 feet long to torque a large diameter bolt to assemble a motorcycle wheel and swing arm when the drill kicked back jerking claimants' [sic] body directly causing the above permanent and disabling injuries." In the section for Second Injury Fund claims, Jones checked the box for "permanent partial disability." Jones submitted an amended claim on August 15, 2014, updating his address and checking the box for "permanent total disability" under Second Injury Fund claims. In their amended answer, Appellants "specifically deny any injury to 'back and body as a whole,' as alleged, and assert that there had been no proper notice regarding any alleged injury to 'back and body as a whole,' and claim prejudice therefrom."
On July 15, 2015, the Administrative Law Judge found Jones's elbow and low back injuries occurred in the course and scope of his employment, and Employer was given notice as required by statute. Jones was awarded $39,205.64 for the claimed period during which Jones was temporarily totally disabled. On September 14, 2017, the Commission affirmed the award, adopting the ALJ's factual findings related to accident and causation but providing its own analysis on the issue of notice.[1] This appeal follows.
Standard of Review
"A reviewing court may modify, reverse, remand for rehearing, or set aside a workers' compensation award upon a finding that: (1) the commission acted without or in excess of its powers; (2) the award was procured by fraud; (3) the commission's factual findings do not support the award; or (4) there was not sufficient competent evidence in the record to warrant the making of the award. Section 287.495.1, RSMo 2000." Greer v. SYSCO Food Services , 475 S.W.3d 655, 664 (Mo. banc 2015) (quoting Hampton v. Big Boy Steel Erection , 121 S.W.3d 220, 223 (Mo. banc 2003) (footnote omitted) ). "Whether the award is supported by competent and substantial evidence is judged by examining the evidence in the context of the whole record. An award that is contrary to the overwhelming weight of the evidence is, in context, not supported by competent and substantial evidence." Id. (internal quotation omitted).
"In the absence of fraud, the commission's findings of fact shall be conclusive and binding. Section 287.495.1." Greer, 475 S.W.3d at 664. "This Court must defer to the commission's findings on issues of fact, the credibility of the witnesses, and the weight given to conflicting evidence." Id. (citation and quotation marks omitted). We "review the findings and award of the Commission rather than those of the ALJ, to the extent that it departs from the ALJ's ruling." Small v. Red Simpson , 484 S.W.3d 341, 344 (Mo. App. 2015) (citation omitted). "To the extent that the Commission affirms and adopts the ALJ's findings and conclusions, we review the ALJ's findings and conclusions." Id.
*332 Point I
Appellants first argue the Commission erred, because Jones failed to provide written notice of the specific injury to his lower back. Section 287.420 provides, in relevant part:
No proceedings for compensation for any accident under this chapter shall be maintained unless written notice of the time, place and nature of the injury, and the name and address of the person injured, has been given to the employer no later than thirty days after the accident, unless the employer was not prejudiced by failure to receive the notice.
(Emphasis added). Because the report of injury Jones submitted to Employer did not contain his address,[2] the Commission concluded Jones failed to meet the notice statute's strict requirements for written notice. Jones does not dispute he failed to provide proper written notice. However, Section 287.420 creates an explicit exception to the written notice requirement when "the employer was not prejudiced by failure to receive the notice." Sell v. Ozarks Medical Center , 333 S.W.3d 498, 509 (Mo. App. 2011). "A claimant may demonstrate lack of prejudice where evidence of actual notice was uncontradicted, admitted by the employer, or accepted as true by the fact-finder." Id. at 511 (citations and quotation marks omitted). "When an employer does not admit actual notice, the issue becomes one of fact." Id. (citation omitted).
If the employee produces substantial evidence that the employer had actual knowledge, the employee thereby makes a prima facie showing of absence of prejudice which shifts the burden of showing prejudice to the employer ... If no such evidence is adduced [by the employee], we presume that the employer was prejudiced by the lack of notice because it was not able to make a timely investigation.
Soos v. Mallinckrodt Chemical Co. , 19 S.W.3d 683, 686 (Mo. App. 2000) (overruled on other grounds by Hampton v. Big Boy Steel Erection , 121 S.W.3d 220, 223 (Mo. banc 2003) ). We conclude substantial and uncontradicted evidence supported the Commission's finding that Employer had actual knowledge of Jones's injury.
The notice statute requires claimants to indicate the "nature of the injury." Section 287.020.5 defines "injury," in relevant part, as "violence to the physical structure of the body." In the report of injury submitted to Employer on July 13, 2011, Jones describes how a pneumatic gun he was using to loosen a stuck bolt "tripped" and stopped, even as momentum propelled Jones's elbow forward. As an immediate consequence of that propelling force, Jones experienced pain in his fingers and right elbow. While nothing in the statute bars Jones's claim of a latent back injury, we find Jones's initial description of the accident and immediate trauma to his elbow is sufficient evidence Employer had actual knowledge Jones suffered a work-related injury.
Appellants contend Section 287.420 requires claimants to identify the exact bodily location of the compensable injury. Under this interpretation, Jones cannot claim Employer had actual knowledge of the nature of his injury, because the original report of injury contained no specific reference to low back pain. Appellants would thus have been prejudiced, because they could not investigate the circumstances *333 surrounding the low back injury in a timely manner.
For support, Appellants rely on Soos v. Mallinckrodt Chemical Co. , 19 S.W.3d 683 (Mo. App. 2000). In Soos , the claimant failed to report his work-related injury to his employer for two months. Id. at 685. The claimant argued his employer was not prejudiced, because the employer took no action at the time it learned of the claimant's potentially compensable injury. Id. at 686. Our Eastern District rejected this argument, finding the employer was already prejudiced by the time claimant filed his claim, and claimant failed to "adduce any affirmative evidence that the supervisor was able to conduct a thorough and accurate investigation of all witnesses and records two months after the injury." Id.
Soos , however, is distinguishable from the present case, because Jones reported the workplace accident on the day it occurred, thus giving Employer the opportunity to investigate the circumstances of the case. It makes no difference whether the immediate injury was to Jones's elbow or later to Jones's back, as both injuries arose from the same accident. Soos does not stand for the proposition that "nature of the injury" must indicate a specific point of injury. Rather, it reaffirms the notice statute's guiding purpose: "to give the employer timely opportunity to investigate the facts surrounding the accident and, if an accident occurred, to provide the employee medical attention in order to minimize disability." Soos, 19 S.W.3d 683 at 686 (citations omitted).
As Jones reported the injurious circumstances of the accident on the same day they occurred, there was substantial evidence Employer had actual knowledge of Jones's workplace injury. Additionally, we note Jones reported the causal relationship between the accident and his low back pain as soon as Dr. Drisko diagnosed it, giving Employer further opportunity to mitigate further disability. Because actual knowledge is prima facie evidence of absence of prejudice, Appellants now bear the burden to prove prejudice. To that end, Appellants have provided no evidence proving that lack of a written notice prejudiced them by frustrating a timely investigation or exacerbating disability. Point I is denied.
Point II
Appellants next argue the Commission erred by failing to make specific factual findings of its own and by failing to support its factual findings with an evidentiary basis. Section 286.090 requires the Commission to make findings of fact and conclusions of law or to affirm or to adopt the ALJ's decision:
In every appeal coming before the commission from any of the divisions of the department, the commission shall prepare and file a written statement giving the commission's findings of fact and conclusions of law on the matters in issue in such appeal together with the reasons for the commission's decision in the appeal; except that a decision of a division of the department meeting the requirements of this section may be affirmed or adopted without such written statement.
We find the Commission adopted the decision and factual findings of the ALJ, in accordance with Section 286.090.
In its Final Award Allowing Compensation, the Commission specifically stated that it adopted the award and decision of the ALJ to the extent not inconsistent with its supplemental decision. The Commission specifically noted that the ALJ was asked "to resolve the issue whether [Jones] sustained an accident for purposes of the Missouri Workers' Compensation Law" and "determined this issue in [Jones's] favor, but [the ALJ] did not, in his award, cite or *334 apply the controlling statutory provision. Consequently, we must provide the appropriate analysis herein." The Commission summarized the facts as found by the ALJ, which the Commission specifically adopted.
The record does not reflect that Employer asked for any clarification of the Commission's factual summary or any additional findings of fact. "Such a request must be made if either party feels that the findings are inadequate and the request cannot be made for the first time on appeal." Buskuehl v. Doe Run Co., 68 S.W.3d 535, 540 (Mo. App. 2001) (overruled on other grounds by Hampton v. Big Boy Steel Erection , 121 S.W.3d 220, 225 (Mo. banc 2003) ). Moreover, our Missouri Supreme Court stated in State ex rel. Probst v. Haid , 333 Mo. 390, 62 S.W.2d 869, 873 (Mo. 1933) :
Undoubtedly, if any party feels that the commission's findings of fact are not clear, leave the reason for its conclusion and award in doubt, or should be amplified for any other reason, he should ask the commission to modify them by making additional findings instead of complaining in the appellate court that findings of fact, which are not inconsistent with the result reached, do not contain a finding concerning all disputed questions of fact which must necessarily have been decided in order to make and support the award.
Therefore, the Commission followed the mandate of section 286.090 and issued sufficient findings of fact and conclusions of law to support its supplemental opinion, and the award is amenable to meaningful appellate review.[3] Point II is denied.
Conclusion
We conclude the Commission did not err in granting the award, because Employer was not prejudiced by Jones's failure to provide written notice of his injury, in that Employer had actual knowledge of Jones's workplace injury.
All concur.

The Commission disclaimed the ALJ's notice analysis, which cited a version of Section 287.420 predating the statute's 2005 amendment. Prior to 2005, Section 287.420 provided a "good cause" exception to the statutory requirement of written notice. Though the ALJ concluded Employer had actual knowledge of Jones's accident, he also suggested the latent nature of Jones's back injury was good cause for any failure to provide written notice. Since Jones's accident occurred in 2011, the 2005 amendment striking the good cause exception was clearly in force.

Jones notes in his brief that Employer's report of injury form did not provide a space to indicate his current address.

Employer challenges the Commission's determination that the ALJ "implicitly found that employee made a credible witness." Employer asserts that the Commission was "side-stepping its duty to make factual determinations by 'deferring' to a 'finding' that does not exist." Despite Employer's assertions, the ALJ in his award specifically stated:
After observing Mr. Jones throughout the course of the hearing and reviewing all of the evidence, I find Mr. Jones credible. Throughout the hearing, both the appearance of Mr. Jones and his observed behavior patterns support the conclusion that he is suffering from a significant level of pain in his low back. During the course of the first day of the hearing which began at 9:00 a.m. and went until 4:30, Mr. Jones was unable to sit comfortably, was changing positions and was alternating between sitting and standing in an effort to reduce his pain.